ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS  #890149
Assistant Attorney-in-Charge
CHRISTINA BEATTY-WALTERS #981634
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.state.or.us
           Tina.BeattyWalters@doj.state.or.us

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LINDSEY GRAHAM**, an individual and **GLAMOUR!, LLC**, an Oregon domestic limited liability company, | Case No. |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| v. | |
| **KATE BROWN**, in her individual capacity and her official capacity as Governor of the State of Oregon, **STATE OF OREGON**, by and through its **DEPARTMENT OF HUMAN SERVICES, CHILD WELFARE DIVISION, REBECCA JONES GASTON**, in her individual capacity and in her official capacity as Director of the Oregon Department of Human Services, Child Welfare Division, **JOEL BAXTER**, in his individual and official capacity as an employee of the Oregon Department of Human Services, Child Welfare Division, **RONIKA FERGUSON**, in her individual and official capacity as an employee of the Oregon Department of Human Services, | |

Page 1 -   **NOTICE OF REMOVAL**

Child Welfare Division, **OMAR RUIZ**, in his individual and official capacity as an employee of the Oregon Department of Human Services, Child Welfare Division, **STATE OF OREGON**, by and through its **OFFICE OF THE GOVERNOR,** **STATE OF OREGON**, by and through its **PUBLIC HEALTH DIVISION,** **HEALTH  LICENSING OFFICE**, and **SYLVIE DONALDSON**, in her individual capacity and in her official capacity as Section Manager of the Health Licensing Office of the Public Health Division of the Oregon Health Authority
,

          Defendant.

## TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON, EUGENE DIVISION:

Defendants Kate Brown, Oregon Department of Human Services, Rebecca Jones Gaston, Joel Baxter, Ronika Ferguson, State of Oregon Office of the Governor, Oregon Health Authority (named as Public Health Division, Health Licensing Office and Sylvie Donaldson respectfully petition for removal of this action to the United States District Court for the District of Oregon, Eugene Division.  In support of its petition, defendants alleges as follows:

1.    On or about December 18, 2020, Lindsay Graham and Glamour! LLC ("plaintiffs") commenced an action against Defendants in the Circuit Court of the State of Oregon for the County of Marion entitled *Gragam and Glamour! LLC v. Brown, Dept. of Human Services, Child Welfare Div. Gaston, Baxter, Ferguson, Public Health Division, Health Licensing Office, and Donaldson,* Case No. 20CV45151.  Service on defendants was accepted on January 4, 2021.  Copies of the Complaint and Summons are attached to this petition collectively as Exhibit "A."

2.    This case is a civil action over which this Court has jurisdiction under the provisions of 28 U.S.C. § 1331, because it states claims under 42 U.S.C. § 1983 and is one that can be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 and § 1443 because,

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

although defendants deny that they are liable to plaintiffs, plaintiffs have alleged claims under the laws of the United States.

3.   Thirty days have not passed since the receipt by acceptance of service by defendants of this pleading.  Accordingly, 28 U.S.C. § 1446(b) has been complied with.

WHEREFORE, defendants respectfully request that this action now pending against him in the Circuit Court in the State of Oregon for the County of Marion be removed from that Court and be litigated in the United States District Court for the District of Oregon, Eugene Division.

DATED January   28  , 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/Marc Abrams*
MARC ABRAMS #890149
Assistant Attorney-in-Charge
CHRISTINA BEATTY-WALTERS #981634
Senior Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.state.or.us
Tina.BeattyWalters@doj.state.or.us
Of Attorneys for Defendants

Page 3 -   **NOTICE OF REMOVAL**
MA/jh2/Glamour 1100 PLD Notice of Removal

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lindsey Graham and Glamour!, LLC

## DEFENDANTS

Governor Kate Brown, State of Oregon, et al.

**(b)** County of Residence of First Listed Plaintiff    Marion
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Marion
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ross Day, Day Law, PC
7831 St. Charles Street NE, Keizer, OR 97303

Attorneys *(If Known)*

Marc Abrams and Christina Beatty-Walters
100 SW Market Street, 97201

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
s/Marc Abrams

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

IN THE CIRCUIT COURT OF THE STATE OF OREGON
IN AND FOR THE COUNTY OF MARION
Civil Department

**LINDSEY GRAHAM,** an individual and
**GLAMOUR!, LLC**, an Oregon domestic
limited liability company,

*Plaintiffs*,

*vs.*

**KATE BROWN**, in her individual capacity
and her official capacity as Governor of
the State of Oregon, **STATE OF OREGON**, by and
through its **DEPARTMENT OF HUMAN
SERVICES, CHILD WELFARE DIVISION**,
**REBECCA JONES GASTON**, in her individual
capacity and in her official capacity as
Director of the Oregon Department of
Human Services, Child Welfare Division,
**JOEL BAXTER**, in his individual and official
capacity as an employee of the Oregon
Department of Human Services, Child
Welfare Division, **RONIKA FERGUSON**, in
her individual and official capacity as an
employee of the Oregon Department of
Human Services, Child Welfare Division,
**OMAR RUIZ**, in his individual and official
capacity as an employee of the Oregon
Department of Human Services, Child
Welfare Division, **STATE OF OREGON**, by
and through its **OFFICE OF THE GOVERNOR**,
**STATE OF OREGON**, by and through its
**PUBLIC HEALTH DIVISION, HEALTH
LICENSING OFFICE**, and **SYLVIE
DONALDSON**,  in her individual capacity and
in her official capacity as Section Manager
of the Health Licensing Office of the Public
Health Division of the Oregon Health
Authority

*Defendants*.

Case No.: 20CV45151

COMPLAINT

(Violation of Civil Rights, 42 U.S.C.
§1983; Violations of the United States
Constitution; ORS 28.010 *et. seq.*,
Declaratory and Injunctive Relief;
Violation of Article I, Section 18 of
the Oregon Constitution; Violation of
Article I, Section 20 of the Oregon
Constitution; Violation of Article I,
Section 21 of the Oregon Constitution;
Retaliation; Intentional Infliction of
Emotional Distress; Wrongful Use of
Civil Proceedings/Abuse of Process;
Claim for Compensation pursuant to
ORS 433.441(6))

AMOUNT IN CONTROVERSY:
$100,000.00

DEMAND FOR JURY TRIAL

**1** of 38   COMPLAINT

1    Plaintiffs Lindsey Graham and Glamour!, LLC allege as follows:

2    **<u>INTRODUCTION</u>**

3    1.

4    For the first time in over 100 years, the United States is faced with a pandemic that

5    threatened the health and safety of Americans across the Country.  The response from

6    federal, state and local officials oftentimes imposed heavy burdens on certain sectors of the

7    economy, while other sectors of the economy – especially those that receive a paycheck from

8    the government - have been left largely economically unaffected by these bureaucratic fiats.

9    2.

10    In Oregon, the government forced small businesses shut their doors and "ride out" the

11    pandemic.  The government imposed irrational and random restrictions on which businesses

12    could remain open and which businesses had to close.  The government provided little to no

13    notice to the business owners or their employees before entire sectors of the economy were

14    randomly closed for business.

15    3.

16    The sudden, irrational, draconian, and irresponsible orders from the Defendant state

17    of Oregon caused many people to lose their jobs, their careers and their small businesses.

18    For many Oregonians, in an instant, their source of support and ability to provide for their

19    families was eviscerated by an callous and unsympathetic bureaucracy.

20    4.

21    Defendant state of Oregon, and in particular Defendant Kate Brown, claimed the

22    orders were necessary to protect the public's health, safety and welfare.  In fact, by shutting

23    down private businesses, which in turn caused Oregonians to lose their jobs and their ability

24

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

Exhibit 1, Page 2 of 38
to Notice of Removal

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

1  to support their families, caused **greater** negative health effects on Oregonians in the form of

2  increased stress, anxiety and depression.  Oregonians who do not live off the public dole (like

3  the individually named defendants) were suddenly forced to worry about how they would

4  support themselves and their loved ones,  Oregonians were forced into this position by the

5  very government bureaucracy that feeds off the productivity of Oregonians.

6                                            5.

7         While private business owners and their employees were forced to struggle through

8  the government's draconian edicts, the individual defendants named in this action remained

9  comfortable, collecting a paycheck on the backs of the very people who were losing their

10  jobs, careers and businesses.  Defendant Kate Brown even lives in a mansion paid for by the

11  taxpayers of Oregon, at a time when thousands of Oregonians are unable to make rent or

12  mortgage payments.  The repugnant nature of this conflict should not be lost on anyone.

13                                           6.

14        After roughly six (6) weeks of living under Defendant Kate Brown's repressive

15  regime, thousands of Oregonians decided they had enough.  On May 2nd, 2020, thousands of

16  Oregonians protested against Defendant Kate Brown's orders shutting down the economy.

17  One of the protesters that day was Plaintiff Lindsey Graham, who, on May 2nd, 2020, decided

18  she would reopen her hair salon so that she, and the other hair stylists who lease space from

19  her, could earn a living to support their families, much the same way all of the individual

20  defendants have been allowed to earn a living, uninterrupted by the government.

21                                           7.

22        Little did Plaintiff Lindsey Graham know that her small step of protest, of civil

23  disobedience, would make her and her business a target for all of the Defendants to take aim.

24

**3** of 38   COMPLAINT

Day Law, PC
P.O. Box 30148
Portland, Oregon 97294
(503) 747-2705 Phone
(503) 914-1892 Fax

1    The conduct of the Defendants, individually and collectively, alleged below, is beyond

2    reprehensible.  The conduct of the Defendants represents the absolute worst abuses of power

3    one could possibly imagine.  Even George Orwell would be shocked and appalled at the

4    Defendants' conduct.  At the heart of the Defendants' conduct is the Defendants' ultimate

5    goal: make Plaintiff Lindsey Graham an example to anyone else who may try to experience

6    personal and economic freedom.  The Defendants wanted to teach Plaintiff Lindsey Graham

7    a lesson – and others like her: the Government gets to do what it wants, no questions asked.

8                                                      8.

9           The government has used the fear of pandemic as an excuse to trample on the rights

10   of Oregonians over the last several of months.  While the government has broad authority to

11   take steps to protect the general public, that authority must be balanced against the individual

12   liberties protected by the United States and Oregon Constitutions.  If the government can

13   avoid the "inconvenience" of respecting the constitutional rights of individuals by simply

14   declaring the existence of a "public health emergency", then the rights guaranteed by the

15   United States and Oregon Constitutions are nothing more than wasted ink on an old piece of

16   paper.

17                                                      9.

18          Plaintiff Lindsey Graham, and others like her, have a fundamental right to earn a

19   living.  They have a right to take care of and provide for themselves and their families.  They

20   have a right to protest the government.  They have a right to question the government.  They

21   have a right not to believe the government.  They have a right not to trust the government.

22   And Plaintiff Lindsey Graham, and others like her, have a right – indeed a duty - to stand

23

24

**4** of **38**  COMPLAINT

against the government when the safety and security of their families are put at risk by the very government that is supposed to be there to protect them.

## THE PARTIES

### 10.

At all material times, Plaintiff Lindsey Graham (herein "Graham") was a resident of Marion County, Oregon.

### 11.

Plaintiff Glamour!, LLC  (herein "Glamour") is an Oregon domestic limited liability Company whose principal place of business is located in Marion County, Oregon.  Graham is the sole member of Glamour and sole owner of any units of ownership of Glamour.

### 12.

Defendant Kate Brown (herein "Brown") is sued in both her individual and official capacities.  In her official capacity, Brown is the Governor of the state of Oregon.  Each claim for relief against Brown, stated below, will designate whether Brown is being sued in her individual or official capacity.

### 13.

Defendant State of Oregon, by and through its Department of Human Resources, Child Welfare Division (herein "Child Welfare Division") is an agency of the of the state of Oregon.

### 14.

Defendant State of Oregon, by and through its Office of the Governor (herein "Office of the Governor") is an agency of the of the state of Oregon.

////

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

Day Law, PC
P.O. Box 30148
Portland, Oregon 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

15.

Defendant State of Oregon, by and through its Health Licensing Office of the Public Health Division (herein "Health Licensing Office") is an agency of the of the state of Oregon.

16.

Defendant Rebecca Jones Gaston (herein "Gaston") is sued in both her individual and official capacities.  In her official capacity, Gaston is the Director of the Child Welfare Division of the Oregon Department of Human Services.  Each claim for relief against Gaston, stated below, will designate whether Gaston is being sued in her individual or official capacity.

17.

Defendant Joel Baxter (herein "Baxter") is sued in both his individual and official capacities.  In his official capacity, on information and belief, Baxter is an employee of the Child Welfare Division of the Oregon Department of Human Services.  Each claim for relief against Baxter, stated below, will designate whether Baxter is being sued in his individual or official capacity.

18.

Defendant Ronika Ferguson (herein "Ferguson") is sued in both her individual and official capacities.  In her official capacity, on information and belief, Ferguson is an employee of the Child Welfare Division of the Oregon Department of Human Services. Each claim for relief against Ferguson, stated below, will designate whether Ferguson is being sued in her individual or official capacity.

////

**6** of **38**   COMPLAINT

19.

Defendant Omar Ruiz (herein "Ruiz") is sued in both his individual and official capacities.  In his official capacity, on information and belief, Ruiz is an employee of the Child Welfare Division of the Oregon Department of Human Services.  Each claim for relief against Ruiz, stated below, will designate whether Ruiz is being sued in his individual or official capacity.

20.

Defendant Sylvie Donaldson (herein "Donaldson") is sued in both her individual and official capacities.  In her official capacity, Donaldson is the Section Manager of the Health Licensing Office of the Public Health Division of the Oregon Health Authority.  Each claim for relief against Donaldson, stated below, will designate whether Donaldson is being sued in her individual or official capacity.

21.

For purposes of this Complaint, all Defendants were serving in their official designated capacities at all relevant times.

22.

For purposes of this Complaint, all Defendants were at all relevant times, acting under color of law.

23.

Unless otherwise specifically delineated, all defendants shall be referred to herein collectively as "Defendants".

////

////

**7** of **38**   COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

1

**VENUE**

2

24.

3     The acts giving rise to the claims presented in this complaint occurred in Marion

4   County, Oregon.  Accordingly, venue is appropriate in this Court.

5

**GENERAL ALLEGATIONS**

6

25.

7     Glamour and Graham operate Glamour! salon (herein "Salon").  The Salon, through

8   its independent contractors, offers various services to its customers including but not limited

9   to hair styling, makeup, hair extensions, nail care, esthetics services, skin care services, and

10  tanning services (herein collectively "Services").

11

26.

12    Glamour and Graham are licensed by the Defendant Health Licensing Office to

13  provide the Services to the public.

14

27.

15    In order to be able to provide the Services to the general public, Graham had to obtain

16  a license from the Defendant Health Licensing Office (herein "Individual License").  In order

17  for Graham  to obtain an Individual License from the Defendant Health Licensing Office,

18  Graham had to complete the required education courses, perform a required number of hours

19  of practical training, and successfully pass an examination proffered by the Oregon Board of

20  Cosmetology.

21

28.

22    In order to be able to provide the Services to the general public, Glamour had to

23  obtain a license from the Defendant Health Licensing Office (herein "Facility License").  In

24

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

order for Glamour to be able to obtain the Facility License, Glamour had to demonstrate to the Defendant Health Licensing Office that it could provide the Services as required by law, and that Glamour could provide the Services in a manner that was safe to customers of Glamour, to the individual independent contractors that provide hair styling and other services to the general public, and to the general public as a whole.

29.

In addition to the requirements for obtaining the Individual License and the Facility License, Graham and Glamour (respectively) must continue to demonstrate the ability to safely provide the Services to Graham's customers, and the public in general.

30.

Graham has been licensed by the Defendant Health Licensing Office for the past fifteen (15) years.

31.

Glamour has been in operation – and licensed by the Defendant Health Licensing Office – since 2009.

32.

Neither Graham nor Glamour has ever been found to be in violation of any law or regulation applicable to the provision of the Services.

33.

The Salon is located at 195 Liberty Street in Salem, county of Marion, Oregon.

34.

Glamour leases spaces for other hair stylists to provide services similar to the Services provided by Glamour and Graham.  The stylists who provide services are required

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**9** of **38**  COMPLAINT

1    to have their own licenses (in good standing) with the Defendant Health Licensing Office,

2    their own businesses, their own clientele, and their own operational structure.  The stylists

3    who lease space from Glamour are independent contractors and not employees of either

4    Glamour or Graham.

5                                                    35.

6            Up until May 4th, 2020, Glamour has never received a notice of violation, a citation,

7    an order, or any other form of discipline or communication from the state of Oregon or any

8    of the named defendants, ever.

9                                                    36.

10           Up until May 4th, 2020, Graham (who is a mother of three), never received a notice of

11   violation, a citation, an order, or any other form of discipline or communication from the

12   state of Oregon or any of the named defendants.  Personally, Graham never received any

13   communications, notices, inquiries, reports, complaints or any other form of communication

14   whatsoever from the Defendant Oregon Department of Human Services, Child Welfare

15   Division.

16                                                   37.

17           All of that changed on May 4th, 2020.

18                                                   38.

19           On March 8th, 2020, Defendant, in her official capacity, Kate Brown declared an

20   emergency under ORS 401.165 *et. seq.* due to the public health threat posed by the novel

21   infectious coronavirus (herein "COVID -19") by signing Executive Order 20-03.  Defendant

22   Kate Brown's declaration <u>did not</u> require facilities that provide cosmetology services to cease

23   or restrict operations.

24

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**10** of **38**          COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

39.

On March 23rd, 2020, Defendant Kate Brown issued Executive Order 20-12 which was entitled "Stay Home, Save Lives". Executive Order 20-12 required certain types of barber shops and hair salons to cease operations immediately. Executive Order 20-12 did not, however, apply to all cosmetology facilities like Glamour, nor all cosmetology service providers like Graham.

40.

According to the state of Oregon, under Executive Order 20-12, "Cosmetology services that are provided as part of the health and safety of those living in senior housing and long term care setting are permitted to operate under current facility contracts while adhering to guidance and policies on screening, social distancing, personal protection equipment and sanitization guidelines that the facility has in place." (herein "Special Exception"). There is no rational basis for the Special Exception.

41.

The Special Exception to Executive Order 20-12 was never made available to cosmetology service providers like Glamour and/or Graham. No defendant has ever provided any explanation why the Special Exception was not made for cosmetology service providers like Glamour and/or Graham.

42.

Executive Order 20-12, as it pertained to cosmetology service providers such as Glamour and Graham, was issued, in part, pursuant to ORS 433.441.

////

////

**11** of **38**          COMPLAINT

Day Law, PC
P.O. Box 30148
Portland, Oregon 97294
(503) 747-2705 phone
(503) 914-1892 fax

43.

Executive Order 20-12, by its terms, "remains in effect until terminated by the Governor."

44.

Executive Order 20-12 threatened anyone who dare violate the order with, among other penalties, criminal prosecution.

45.

Graham and Glamour dutifully followed the edicts of Executive Order 2012, ceasing operations from approximately March 24th, 2020 until approximately May 5th, 2020.

46.

As a result of ceasing operations, Graham suffered damages in that she lost business opportunity, revenue from clients, and damage to her reputation and goodwill.  Unlike the individual named defendants who collected paychecks (because they work for the government) from March 24th, 2020 through May 5th, 2020 and were able continue to provide for themselves and/or their families, Graham (like many other people who do not have the luxury of working for the government) immediately lost a substantial source of income used to provide for herself and her young family.

47.

As a result of ceasing operations, Glamour suffered damages in the form of lost business opportunity, lease revenue, damage to its reputation and business goodwill.

48.

Graham and Glamour, like many other private businesses in Oregon forced to cease operations, continued to incur basic expenses such as food, mortgage payments, rent

**12** of **38**        COMPLAINT

payments, utilities, medical bills, and other costs which were difficult to pay for because the government forced closure immediately stopped Graham and Glamour from generating income.

49.

The inability to generate revenue – and therefore income – by either Graham and/or Glamour caused undue stress and anxiety for Graham, which is directly attributable to being forced to cease operations as ordered by Defendant Kate Brown through Executive Order 20-12.  The stress, anxiety and distress suffered by Graham is a reasonably foreseeable consequence of the conduct of Defendant Kate Brown and the other named defendants.

50.

While individuals and businesses such as Graham and Glamour struggled to make ends meet for nearly six (6) weeks, government employees like Defendant Kate Brown and the other individual named defendants did not have to worry about where their next paycheck would come from.  Defendant Kate Brown and the other individual named defendants received paychecks from the government without any stress or anxiety worrying about where their next paycheck would come from.  From the individual defendants' perspectives, they are always going to be paid, because they work for the government.

51.

Because Defendant Kate Brown and the other individually named defendants do not have to worry about losing their inability to provide for themselves and their families, they have developed a callous disregard and contempt for individuals like Graham and businesses like Glamour who, for six weeks, were practically begging for "permission" from Defendant Kate Brown to re-open so they could take care of themselves and their families.  Defendant

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**13** of **38**       COMPLAINT

1   Kate Brown purposefully ignored the plight of individuals and businesses like Graham and

2   Glamour.

3                                            52.

4          With tensions rising, and no evidence that Defendant Brown would do anything in the

5   near future to help struggling families and businesses, a group of Oregonians organized a

6   protest for May 2nd, 2020, at the Oregon state capital building in Salem, Oregon, to beg

7   Defendant Kate Brown to "Re-Open Oregon". The petitions of the group on May 2nd, 2020

8   were largely ignored by Defendant Kate Brown and others in the government-class.

9                                            53.

10         Graham attended the protest on May 2nd, 2020. She met with many individuals and

11  business owners who were equally concerned about their ability to provide for their families.

12                                           54.

13         After attending the May 2nd, 2020 protest in Salem, Oregon, Graham thought about

14  the injustices forced upon her, her business, the other stylists who lease space from Glamour,

15  and how all of these people are suffering while Defendant Kate Brown is not facing the same

16  fate. It was at that moment that Graham decided she would re-open her business and allow

17  the stylists who rent space from Glamour to re-open as well, despite Executive Order 20-12.

18                                           55.

19         Graham did not, and does not, believe that Defendant Kate Brown has the lawful

20  authority to force private businesses to cease operations if the private businesses can

21  demonstrate they can operate safely without jeopardizing the public's health.

22  ////

23  ////

24

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**14** of **38**          COMPLAINT

56.

Graham has never been given an opportunity – either before or after the issuance of Executive Order 20-12 – to demonstrate to <u>any defendant</u> her ability to provide the Services in a safe and healthy manner that allows her to continue to provide the Services while at the same time protecting the public's health.

57.

On May 3rd, 2020, Graham announced (in what she thought was a semi-private manner) on her Facebook page that she would "re-open" her business and provide the Services to her clientele on May 5th, 2020. Little did Graham know that her decision to "re-open" would bring the full wrath of Defendant Kate Brown and the Defendant state of Oregon upon her. Graham's life would never be the same again.

58.

On information and belief, Graham's semi-private announcement that she would "re-open" on May 5th, 2020, quickly spread across the internet. Soon, Graham received contact from various media outlets, describing Graham's desire to "re-open" as an act of "civil disobedience" against Defendant Kate Brown and Defendant state of Oregon. In reality, all Graham wanted to do is to be able to provide for her family, and to allow those that lease space from Glamour the ability to provide for their families as well.

59.

On May 4th, 2020, several stories appeared in media outlets across the state of Oregon, and across the pacific northwest, about Graham's decision to "re-open".

////

////

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**15** of **38**        COMPLAINT

1

60.

2      On May 4th, 2020, Graham arrived at the Salon and began the process of cleaning the

3   Salon in preparation for "re-opening" on May 5th, 2020.  Graham followed appropriate health

4   protocols, wiping down surfaces with anti-bacterial cleaner, cleaning floors, making sure

5   proper mask hygiene protocols were in place, and other steps to ensure the Salon would be

6   safe to the next day's customers.

7

61.

8      On May 4th, 2020, Graham received the first of what would be many communications

9   from various state of Oregon agencies who were attempting to bully, intimidate, frighten and

10   terrorize Graham into not "re-opening".  The first contact came from a person working for

11   the Oregon Occupational Safety and Health Administration (OSHA) who threatened Graham

12   with as much as a $70,000.00 fine if Graham insisted on "re-opening" on May 5th, 2020.

13

62.

14      At the time of the visit from the OSHA bureaucrat Graham was confused because

15   neither Graham or Glamour has employees.  OSHA only has jurisdiction over "places of

16   employment".  A place of employment is a place where people are "employed", i.e. where

17   people are employees.  Since there were no "employees" of either Graham or Glamour, and

18   OSHA already knew as much, the threat from OSHA on May 4th, 2020 was even more

19   suspicious to Graham.

20

63.

21      The person from OSHA who threatened Graham did not ask Graham if she could

22   provide the Services in a safe manner, consistent with appropriate health protocols.  The

23   person clearly arrived with one purpose in mind – deliver the message to Graham that her

24

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**16** of **38**      COMPLAINT

1    "civil disobedience" would not be tolerated by Defendant Kate Brown and Defendant state of

2    Oregon.  The OSHA representative told Graham that he would be back by the Salon the next

3    day to make sure Graham got the message and would not open.  The OSHA representative

4    never, in fact, returned to the Salon.  Little did Graham know that the message sent by OSHA

5    was only the beginning.

6                                                      64.

7          Graham decided she would not be bullied, or extorted, into doing what she needed to

8    do in order to be able to provide for her family.  On May 5th, 2020, at 10:00 a.m., with

9    hundreds of supporters and the media present, Graham and Glamour "re-opened".

10                                                    65.

11          Glamour leases the space where the Salon is located from the city of Salem.  On May

12   5th, 2020, Glamour and Graham received a letter from the city of Salem suggesting that

13   Glamour may be in violation of its lease, and therefore may be in default of Glamour's lease

14   with the city of Salem.  This was the second message Graham and Glamour received from

15   the government communicating to Graham and Glamour that they had better do what the

16   government tells them to do, or else.

17                                                    66.

18          The city of Salem has never taken any action against Glamour and/or Graham, despite

19   the threat in its May 5th, 2020 letter.

20                                                    67.

21          On May 6th, 2020, for the first time ever, Graham and Glamour received an undated

22   letter from Defendant Health Licensing Office threatening to impose civil penalties,

23   including revocation of the Individual License and Facility License, as well as criminal

24

**17** of **38**        COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

1  penalties if Graham and/or Glamour did not comply with Defendant Kate Brown's demands.

2  The message to Graham was clear - her "civil disobedience" would not be tolerated by

3  Defendant Kate Brown and Defendant state of Oregon.  It was also clear to Graham that

4  Defendant Health Licensing Office, Defendant Kate Brown, and indeed Defendant state of

5  Oregon did not care whether Graham and Glamour could provide the Services in a safe

6  manner, consistent with appropriate health protocols.

7                                             68.

8          Despite the threats, bullying and repeated "messages" sent to Graham and Glamour

9  by the government, Graham and Glamour continued to provide the Services to select

10  clientele.  Importantly, no person who utilized any of the Services from May 5th, 2020 until

11  the present have become sick with COVID-19.

12                                             69.

13        Defendant Kate Brown grew increasingly frustrated with the fact that Graham and

14  Glamour refused to bow down to her authority.  Defendant Kate Brown publicly called

15  Graham and Glamour's "re-opening" "unfortunate" and "irresponsible" – only further

16  making Graham and Glamour a target by the government.  The fact that Defendant Kate

17  Brown would refer to Graham's actions intended to help Graham provide for her family as

18  "unfortunate" and "irresponsible" shows exactly how much disdain career government

19  employees like Defendant Kate Brown have for people like Graham who need to provide for

20  their families.

21                                             70.

22        Little did Graham know that the worst was yet to come.

23  ////

24

**18** of **38**        COMPLAINT

Day Law, PC
P.O. Box 30148
Portland, Oregon 97294
(503) 747-2705 phone
(503) 914-1892 fax

71.

On May 6th, 2020, at 9:05 am, Defendant Oregon Department of Human Services, Child Welfare Division, allegedly received an "anonymous" complaint concerning Graham and her three children.  The "alleged complaint" was taken by Defendant Joel Baxter.

72.

No such complaint was ever actually received by Defendant Oregon Department of Human Services, Child Welfare Division.  The "alleged complaint" is a complete and total fabrication by Defendant Oregon Department of Human Services, Child Welfare Division to again target Graham and Glamour, this time by making the battle personal and doing the unthinkable – going after Graham's family.

73.

According to Defendant Oregon Department of Human Services, Child Welfare Division records, the person making the "alleged complaint" "provided vague details" that were based on "Hearsay, rumors, etc.".  The person making the alleged complaint admitted to "not directly witness[ing] what she is reporting".

74.

The allegations made by the anonymous complainant are so outrageous, so ridiculous, so unbelievable against Graham, no rational person could have actually believed the allegations, let alone actually suggest the allegations be followed up on.

75.

Defendant Joel Baxter, as screener, consulted with his supervisor, Defendant Ronka Ferguson.  Unbelievably, even though the alleged complaint was made by an anonymous complainant who admits to never witnessing any conduct by Graham, Defendant Joel Baxter

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**19** of **38**        COMPLAINT

1    and Defendant Ronka Ferguson required a response time of 72 hours – which suggests

2    Defendants Baxter and Ferguson thought someone's life was in danger, even though **nobody**

3    witnessed **anyone** doing anything wrong.

4                                            76.

5           Defendant State of Oregon, Department of Human Services, Child Welfare Division,

6    assigned the case to Defendant Omar Ruiz.

7                                            77.

8           On May 8th, 2020, Defendant Omar Ruiz made contact with Graham and her family.

9                                            78.

10          On May 11th, 2020, Defendant Omar Ruiz interviewed Graham and her family.

11                                           79.

12          Thereafter, Defendant Omar Ruiz closed the investigation into Graham and her

13    family and found the complaint to be unfounded/unsubstantiated.

14                                           80.

15          The actions taken by the Defendants described in paragraphs 1 through 79, 83

16    through 87, 92 through 96, 101 through 104, 109 through 113, 124 through 129, and 132

17    through 135, of this Complaint, were taken for an improper purpose, and not for any

18    legislative, executive, judicial or other proceeding authorized by law, or for any matter of

19    public interest under consideration in any legislative, executive, judicial or other proceeding

20    authorized by law.

21                                           81.

22          On May 19th, 2020, Graham and Glamour provided the defendants with a notice

23    pursuant to O30.275 of their intent to bring various tort claims against the defendants.  In the

24

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**20** of **38**      COMPLAINT

alternative, this Complaint is being filed and served on the defendants within 180 days of the date of the events giving rise to the claims contained in this Complaint.

**FIRST CLAIM FOR RELIEF**
**(Violations of the Civil Rights Act – 42 U.S.C. §1983)**

**COUNT I**
**U.S. Const. Fourteenth Amendment**
<u>**Violation of Due Process**</u>
**(Against Defendant Kate Brown in her Official Capacity and Defendant State of Oregon)**
**(Seeking Declaratory and Injunctive Relief)**

82.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

83.

The Individual License and the Facility License are rights to operate granted by the Defendant State of Oregon, and more specifically Defendant Health Licensing Office, to Graham and Glamour, respectively.  The right to operate granted by the Individual License and the Facility License are constitutionally protected rights.

84.

Defendants Kate Brown and State of Oregon never provided the Plaintiffs with any process whatsoever before Defendants Kate Brown and State of Oregon deprived the Plaintiffs of the Plaintiffs' most basic civil rights.  Defendants Kate Brown and State of Oregon never provided Plaintiffs with any notice, any opportunity to defend themselves against Defendant Kate Brown and Defendant State of Oregon's actions, an impartial decision-maker, or any post-deprivation procedures whatsoever.

////

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**21** of **38**      COMPLAINT

85.

The actions taken by Defendant Kate Brown and Defendant State of Oregon were taken with the intent to deprive the Plaintiffs of their basic civil rights guaranteed by the United States and Oregon Constitutions.

86.

Defendant Kate Brown and Defendant State of Oregon's actions described throughout this Complaint violated the Plaintiffs' most basic rights to procedural due process in violation of the United States Constitution.

87.

At all times Defendant Kate Brown and Defendant State of Oregon was acting under color of law.

88.

Plaintiffs are entitled to a declaration that Defendant Kate Brown and Defendant State of Oregon's actions, described above, violated the Plaintiffs' most basic rights to procedural due process in violation of the United States Constitution.

89.

Plaintiffs are entitled to injunctive relief, enjoining Defendant Kate Brown and Defendant State of Oregon from violating the Plaintiffs' most basic rights to procedural due process guaranteed by the United States Constitution, as described above.

90.

Pursuant to 42 U.S.C. §1988, the Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

////

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**22** of **38**     COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**COUNT II**
**U.S. Const. Fourteenth Amendment**
**Equal Protection of the Laws**
**(Against Defendant Kate Brown in her Official Capacity and Defendant State of Oregon)**
**(Seeking Declaratory and Injunctive Relief)**

91.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

92.

The Individual License and the Facility License are rights to operate granted by the Defendant State of Oregon, and more specifically Defendant Health Licensing Office, to Graham and Glamour, respectively.  The right to operate granted by the Individual License and the Facility License are constitutionally protected rights.

93.

Executive Order 20-12 was not applied to all cosmetology facilities like Glamour, nor all cosmetology service providers like Graham.  Notwithstanding the language of Executive Order 20-12, some cosmetology facilities and cosmetology service providers were allowed to continue to provide services, without suffering the same forms of harassment, intimidation, bullying and extortion Graham and Glamour were forced to endure by the Defendants.

94.

The actions taken by Defendant Kate Brown and Defendant State of Oregon were taken with the intent to deprive the Plaintiffs of their basic civil rights guaranteed by the United States and Oregon Constitutions.

////

////

**23** of **38**        COMPLAINT

95.

Defendant Kate Brown and Defendant State of Oregon's actions described throughout this Complaint treated Plaintiffs differently than other similarly situated persons and/or companies who hold the same licenses as the Plaintiffs in violation of Plaintiffs' right to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

96.

At all times Defendant Kate Brown and Defendant State of Oregon was acting under color of law.

97.

Plaintiffs are entitled to a declaration that Defendant Kate Brown and Defendant State of Oregon's actions, described above, violated the Plaintiffs' most basic rights to equal protection of the laws in violation of the United States Constitution.  There is no rational basis for the differential treatment described herein.

98.

 Plaintiffs are entitled to injunctive relief, enjoining Defendant Kate Brown and Defendant State of Oregon from violating the Plaintiffs' most basic rights to equal protection of the laws, as described above.

99.

Pursuant to 42 U.S.C. §1988, the Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

////

////

COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

1

**COUNT III**
**U.S. Const. First Amendment**
**Retaliation For Protected First Amendment Activity**
**(Against All Defendants in their Official Capacities)**
**(Seeking Declaratory and Injunctive Relief)**

100.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

101.

Plaintiffs' decision to "re-open", and subsequent conduct including but not limited to holding multiple rallies and media events constituted speech protected by the First Amendment to the United States Constitution.

102.

The conduct of all Defendants, described above, was taken in direct response to, and in a concerted effort, to squelch, infringe upon, damage, and prevent Plaintiffs speech, which is protected by the First Amendment to the United States Constitution.

103.

The actions taken by the Defendants were taken with the intent to deprive the Plaintiffs of their basic civil rights guaranteed by the United States and Oregon Constitutions.

104.

At all times all Defendants were acting under color of law.

////

////

////

////

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**25** of **38**          COMPLAINT

105.

Plaintiffs are entitled to a declaration that all of the Defendants' actions, described above, violated the Plaintiffs' most basic right to free speech and protest protected by the First Amendment to the United States Constitution.

106.

Plaintiffs are entitled to injunctive relief, enjoining Defendants from violating the Plaintiffs' most basic right to engage in free speech, as described above.

107.

Pursuant to 42 U.S.C. §1988, the Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

**COUNT IV**
**U.S. Const. Fourteenth Amendment**
**<u>Substantive Due Process</u>**
**(Against All Defendants in their Official Capacities)**
**(Seeking Declaratory and Injunctive Relief)**

108.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

109.

Defendants engaged in a course of conduct intended to harass, intimidate, extort and bully the Plaintiffs into complying with an edict of Defendant Kate Brown.

110.

The conduct of all Defendants, described above, was taken in concert with one another, in an effort to prevent Plaintiffs from earning a living and supporting Graham's family, which Graham has a constitutional right to do.

Day Law, PC
P.O. Box 30148
Portland, Oregon 97294
(503) 747-2705 phone
(503) 914-1892 fax

**26** of **38**      COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

111.

The conduct of all Defendants, described above, was taken in concert with one another, in an effort to interfere with Plaintiff Graham's right to raise her children, is especially disturbing and were not taken for a proper purpose.

112.

The actions taken by the Defendants were taken with the intent to deprive the Plaintiffs of right to substantive due process guaranteed by the Fourteenth Amendment to the United States. There is no rational basis for the Defendants' conduct, or the decisions made by the Defendants to target, harass, bully and intimidate the Plaintiffs.

113.

At all times all Defendants were acting under color of law.

114.

Plaintiffs are entitled to a declaration that all of the Defendants' actions, described above, violated the Plaintiffs' right to substantive due process protected by the Fourteenth Amendment to the United States Constitution.

115.

Plaintiffs are entitled to injunctive relief, enjoining Defendants from violating the Plaintiffs' rights guaranteed by the Fourteenth Amendment to the United States Constitution, as described above.

116.

Pursuant to 42 U.S.C. §1988, the Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

////

**27** of **38**        COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**COUNT V**
**U.S. Const. Fifth Amendment through the Fourteenth Amendment**
**<u>Takings</u>**
**(Against Defendant Kate Brown in her Official Capacity and Defendant State of**
**Oregon)**
**(Seeking Declaratory and Injunctive Relief)**

117.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

118.

The actions of the Defendant State of Oregon and Defendant Kate Brown, preventing Plaintiffs from using the property Plaintiff Graham leases from the city of Salem, under threat of prosecution, constitutes a taking of private property for which Plaintiff Graham is entitled to compensation.

119.

At all times all Defendants were acting under color of law.

120.

Plaintiffs are entitled to a declaration Defendant Kate Brown and Defendant State of Oregon's actions, described above, constituted a taking of Plaintiffs' property for which the Plaintiffs are entitled to compensation.

121.

Plaintiffs are entitled to injunctive relief, enjoining Defendants from violating the Plaintiffs' rights guaranteed by the Fifth Amendment to the United States Constitution as applied through Fourteenth Amendment to the United States Constitution, as described above.

Exhibit 1, Page 28 of 38
to Notice of Removal

122.

Pursuant to 42 U.S.C. §1988, the Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

**SECOND CLAIM FOR RELIEF**
**(Intentional or Negligent Infliction of Emotional Distress)**
**(On Behalf of Plaintiff Graham Only)**
**(Against All Defendants in Their Individual Capacities)**

123.

Plaintiff Graham realleges and incorporates the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

124.

Defendants' actions, described above, were intentional and intended to cause severe emotional distress to Graham.   In the alternative, the individual Defendants were acting as agents of the government with all the power and authority that comes with his position, and acted in a manner that was certain or substantially certain to result in severe emotional distress to Graham.

125.

In the alternative, Defendants' actions, described above, intentionally, recklessly or negligently infringed and threatened the legally protected rights of Plaintiff Graham as the parent of her children to parent her children.  The Defendants' actions, described above, caused foreseeable distress to Plaintiff Graham in the form of emotional distress and trauma manifesting itself in nausea, migraine headaches and other physical pain to accompany the distress.

////

////

**29** of **38**        COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

126.

The individual Defendants' actions, in fact, caused severe emotional distress to Graham, which in turn caused physical harm to Plaintiff Graham in the form of nausea, headaches, and other physical pain caused by anxiety and stress.

127.

The individual Defendants' conduct described above far exceeds any limit of socially tolerable behavior. The individual Defendants took part in a scheme, whether they were aware of the other participants or not, which constituted abuse of public office, in violation of ORS 162.415. The individual Defendants were acting towards one goal – silencing Graham – and they undertook whatever means necessary to threaten, intimidate and terrorize Graham including:

- Threatening Graham with a $70,000.00 fine when they knew Graham had not been generating income for nearly six (6) weeks, knowing full well that such a fine would likely bankrupt Graham and Glamour;

- Threatening Graham with revocation of her Individual License and Facility License even though there was no evidence whatsoever that anything Graham or Glamour was doing presented any harm to the public;

- And worst of all, sending child protective services to Graham's home in a not-so-veiled threat based on an entirely fictitious "report" of child neglect that was allegedly based on an "anonymous" report from someone who never actually witnessed Graham do anything wrong.

////

Day Law, PC
P.O. Box 30148
Portland, Oregon 97294
(503) 747-2705 phone
(503) 914-1892 fax

**30** of **38**    COMPLAINT

128.

The individual Defendants, any one of them, could have stopped the persecution of Graham, but not a single person stepped in to do the right thing.  Instead, each individual Defendant continued to scheme of harassment, intimidation, bullying and borderline extortion developed by Defendant State of Oregon and perpetuated by Defendant Kate Brown, who viewed Graham's attempts to provide for her family as "unfortunate" and "irresponsible".  Under no circumstances is the conduct described in paragraph 127 acceptable conduct, and the fact that not one single individual Defendant stood up and tried to put a stop to the outrageous conduct is evidence of the individual Defendants' intent to cause harm – severe emotional distress – to Graham.  The individual Defendants know better, but they did nothing.

129.

The severe emotional distress suffered by Graham is a reasonably foreseeable consequence of the outrageous conduct of the Defendants.

130.

As a result of the individual Defendants' conduct, Graham was harmed in the amount of $100,000.00, or an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**(Abuse of Process/Wrongful Use of Civil Proceedings)**
**(Against All Defendants)**

131.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

////

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**31** of **38**        COMPLAINT

Day Law, PC
P.O. Box 30148
Portland, Oregon 97294
(503) 747-2705 Phone
(503) 914-1892 Fax

132.

As described in paragraphs 67 and 70 through 79, above, the Defendants undertook a scheme to institute a number of baseless attached against Graham and Glamour.

133.

On information and belief, the threats received by Graham and Glamour described in paragraph 65, above, were instigated by one or more of the Defendants

134.

All of the actions taken by the Defendants, described in paragraphs 65, 67, and 70 through 79, above, were resolved in Plaintiffs' favor.  There was absolutely no basis for the actions taken by the Defendants described herein.

135.

The primary purpose of the actions taken by the Defendants, described in paragraphs 65, 67, and 70 through 79, above, were to harass, intimidate, bully and borderline extort the Plaintiffs into complying with what the Plaintiffs in good faith believed were unconstitutional actions taken by the Defendants.

136.

As a result of the individual Defendants' conduct, Plaintiffs were harmed in the amount of $100,000.00, or an amount to be proven at trial.

////

////

////

////

////

**32** of **38**         COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**FOURTH CLAIM FOR RELIEF**
**(Declaratory Relief – ORS 28.010 *et. seq.* and Injunctive Relief)**

**COUNT I**
**(By All Plaintiffs against Defendant State of Oregon and Defendant Kate Brown)**
**(Violation of Article I, Section 18 of the Oregon Constitution)**

137.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81, and 83 as if fully set forth herein.

138.

The Defendant State of Oregon and Defendant Kate Brown's actions, described above, constitute an unconstitutional taking of the Plaintiff's property, in particular the constitutionally protected right to use the property Plaintiffs lease from the city of Salem and the Plaintiffs' property right in their respective licenses, in violation of Article I, Section 18 of the Oregon Constitution.

139.

The Plaintiffs are entitled to a declaration from this Court declaring the actions of the Defendant State of Oregon and Defendant Kate Brown described in this Complaint constitute a taking of private property without the payment of just compensation in violation of Article I, Section 18 of the Oregon Constitution.

140.

The Plaintiffs are entitled to such injunctive relief as is necessary to enjoin the Defendant State of Oregon and Defendant Kate Brown from continuing to violate the Plaintiffs' constitutionally protected rights.

////

**33** of **38**        COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**COUNT II**
**(By All Plaintiffs)**
**(Against All Defendants)**
**(Violation of Article I, Section 20 of the Oregon Constitution)**

141.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81, 83 through 86, 92 through 95, 101 through 103, 109 through 112, 124 through 129, and 132 through 135 as if fully set forth herein.

142.

The Defendants' actions constitute unequal treatment of the Plaintiffs by the Defendants in violation of Article I, Section 20 of the Oregon Constitution.

143.

The Plaintiffs are entitled to a declaration from this Court declaring the actions of the Defendants described in this Complaint constitute denial of equal privileges and immunities guaranteed by the Oregon Constitution in violation of Article I, Section 20 of the Oregon Constitution.

144.

The Plaintiffs are entitled to such injunctive relief as is necessary to enjoin the Defendants from continuing to violate the Plaintiffs' constitutionally protected rights.

**FIFTH CLAIM FOR RELIEF**
**(By all Plaintiffs against Defendant State of Oregon**
**(Claim for Compensation Pursuant to ORS 433.441(6))**

145.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81, 83, 118, and 138 as if fully set forth herein.

**34** of **38**        COMPLAINT

146.

The actions of the Defendant State of Oregon described in this Complaint constitute a taking of property owned by the Plaintiffs for which the Plaintiffs are entitled to reasonable compensation under ORS 433.441(6).

147.

As a result of the Defendant State of Oregon's conduct, The Plaintiffs were harmed in the amount of at least $100,000.00, or an amount to be proven at trial.

**WHEREFORE**, Plaintiffs respectfully pray this Court for the following relief

1. On Plaintiffs' First Claim For Relief, Count I, a Declaration against Defendant Kate Brown and Defendant State of Oregon, declaring that the actions taken by Defendant Kate Brown and Defendant State of Oregon deprived the Plaintiffs of their basic procedural due process rights guaranteed by the Fourteenth Amendment to the United States Constitution;

2. On Plaintiffs' First Claim For Relief, Count I, an injunction against Defendant Kate Brown and Defendant State of Oregon, enjoining Defendant Kate Brown and Defendant State of Oregon from depriving the Plaintiffs of their basic procedural due rights guaranteed by the Fourteenth Amendment to the United States Constitution.

3. On Plaintiffs' First Claim For Relief, Count II, a Declaration against Defendant Kate Brown and Defendant State of Oregon, declaring that the actions taken by Defendant Kate Brown and Defendant State of Oregon deprived the Plaintiffs of their right to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution;

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**35** of **38**        COMPLAINT

4. On Plaintiffs' First Claim For Relief, Count II, an injunction against Defendant Kate Brown and Defendant State of Oregon, enjoining Defendant Kate Brown and Defendant State of Oregon from depriving the Plaintiffs of the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States.

5. On Plaintiffs' First Claim For Relief, Count III, a Declaration against all Defendants, declaring that the actions taken by all Defendants deprived the Plaintiffs of their right to free speech guaranteed by the First Amendment to the United States Constitution;

6. On Plaintiffs' First Claim For Relief, Count III, an injunction against all Defendants, enjoining all Defendants from taking any action that deprives the Plaintiffs their right to free speech guaranteed by the First Amendment to the United States Constitution.

7. On Plaintiffs' First Claim For Relief, Count IV, a Declaration against all Defendants, declaring that the actions taken by all Defendants deprived the Plaintiffs of their right to substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution;

8. On Plaintiffs' First Claim For Relief, Count IV, an injunction against all Defendants, enjoining all Defendants from taking any action that deprives the Plaintiffs their right substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution.

9. On Plaintiffs' First Claim For Relief, Count V, a Declaration that Defendant State of Oregon and Defendant Kate Brown's conduct constituted a taking of Plaintiffs

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**36** of **38**        COMPLAINT

property without just compensation, in violation of the Fifth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment to the United States Constitution;

10. On Plaintiffs' First Claim For Relief, Count V, an injunction against Defendant State of Oregon and Defendant Kate Brown enjoining them from taking any action takes the Plaintiffs' property without just compensation in violation of the Fifth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment to the United States Constitution.

11. On Plaintiff Graham's Second Claim For Relief, for a judgment against all individual Defendants in their official and individual capacities, in the amount of $100,000.00 or an amount to be proven at trial;

12. On Plaintiffs' Third Claim For Relief, for a judgment against all individual Defendants in their official and individual capacities, in the amount of $100,000.00 or an amount to be proven at trial;

13. On Plaintiffs' Fourth Claim For Relief, Count I, a Declaration that Defendant State of Oregon and Defendant Kate Brown's conduct constituted a taking of Plaintiffs property without just compensation, in violation of Article I, Section 18 of the Oregon Constitution;

14. On Plaintiffs' Fourth Claim For Relief, Count II, an injunction against Defendant State of Oregon and Defendant Kate Brown enjoining them from violating Plaintiffs' rights protected by Article I, Section 18 of the Oregon Constitution;

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**37** of **38**        COMPLAINT

15. On Plaintiffs' Fourth Claim For Relief, Count I, a Declaration that all Defendants' conduct, in both their official and individual capacities, violated Plaintiffs' rights protected and guaranteed by Article I, Section of the Oregon Constitution;

16. On Plaintiffs' Fourth Claim For Relief, Count II, an injunction against all Defendants, in their official and individual capacities, enjoining them from violating Plaintiffs' rights protected by Article I, Section 20 of the Oregon Constitution;

17. On Plaintiffs' Fifth Claim For Relief, judgment against Defendant State of Oregon, in the amount of $100,000.00 or an amount to be proven at trial;

18. Plaintiffs costs, disbursements and reasonable attorney fees pursuant to 42 U.S.C. §1988.

19. Any other relief the Court deems just and equitable.

***RESPECTFULLY SUBMITTED*** this __18th__ day of December 2020

**DAY LAW, PC**
*Attorneys for Plaintiffs*

_____/s/ Ross Day_____
Ross A. Day, OSB #002395
7831 St. Charles Street NE
Keizer, Oregon  97303
Mailing address: P.O. Box 30148
Portland, Oregon  97294
T: 503-747-2705
E: ross@daylawpc.com

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**38** of **38**          COMPLAINT



**THIRD JUDICIAL DISTRICT**
**MARION COUNTY CIRCUIT COURT**

Verified Correct Copy of Original 12/22/2020.

<u>Read carefully. If you do not comply with the following, your case will be dismissed.</u>

Graham                                    v.    Status Oregon

Case Number: 20CV45151                Date: 12/11/20

### THIS CASE HAS BEEN ASSIGNED TO:

☐  Judge Donald D. Abar                  ☒  Judge Thomas M. Hart
    (503) 588-8485                           (503) 584-7749

☐  Judge Sean E. Armstrong               ☐  Judge Mary M. James
    (503) 588-5026                           (503) 373-4303

☐  Judge Channing Bennett                ☐  Judge David E. Leith
    (503) 588-7950                           (503) 588-5160

☐  Judge Audrey J. Broyles               ☐  Judge Lindsay R. Partridge
    (503) 588-5492                           (503) 588-5028

☐  Judge Claudia M. Burton               ☐  Judge Cheryl A. Pellegrini
    (503) 584-7713                           (503) 585-4939

☐  Judge Daniel J. Wren                  ☐  Judge Tracy A. Prall
    (503) 584-7765                           (503) 588-5030

☐  Judge Courtland Geyer                 ☐  Judge Susan M. Tripp
    (503) 373-4445                           (503) 373-4361

### If a party served with a summons intends to contest this matter, that party must file a response, or other appearance, as instructed in the summons.

To change judges, a party must notify the court by 5pm on the day they receive this notice. Contact the court for a notice form. The party must then file a motion and affidavit with the court no later than 5pm on the next judicial day. ORS 14.260(4) and 14.270.

A status conference will be set after the party served has filed an appearance. All attorneys must appear at the status conference with their calendars. If parties do not have legal representation, they are to appear at the status conference.

If the Plaintiff has not filed a <u>Return</u> or <u>Acceptance of Service</u> by the 63rd day after the filing of the complaint, the case may be dismissed for want of prosecution 28 days later. If. proof of service is filed by the 91st day from the filing of the complaint, and no default is later filed, the case will be dismissed 119 days from the date of the filing of the complaint.

Follow these instructions carefully and refer to the <u>Uniform Trial Court Rules</u> for further information or clarification. All correspondence or other communication shall be directed to the assigned Judge at the following address: Marion County Circuit Court, PO Box 12869, Salem, Oregon 97309-0869.

☐  *Assignment following standard procedure.*
☒  *Random assignment following the standard procedure.*
☐  *Random assignment at the request of:* _____

CASE ASSIGNMENT NOTICE                        Page 1 of 1                        Exhibit 2, Page 1 (5/21/20)
                                                                                to Notice of Removal

1

2

3                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

4                            FOR THE COUNTY OF MARION

5    **LINDSEY GRAHAM**, an individual and          Case No. 20CV45151
     **GLAMOUR!, LLC**, an Oregon domestic
6    limited liability company,                      ACCEPTANCE OF SERVICE

7                    Plaintiff,

8            v.

9    **KATE BROWN**, in her individual capacity      **ORS 20.140 - State fees deferred at filing**
10   and her official capacity as Governor of the
     State of Oregon, **STATE OF OREGON**, by
11   and through its **DEPARTMENT OF
     HUMAN SERVICES, CHILD WELFARE
12   DIVISION, REBECCA JONES GASTON**,
     in her individual capacity and in her official
13   capacity as Director of the Oregon Department
     of Human Services, Child Welfare Division,
14   **JOEL BAXTER**, in his individual and official
     capacity as an employee of the Oregon
15   Department of Human Services, Child Welfare
     Division, **RONIKA FERGUSON**, in her
16   individual and official capacity as an employee
     of the Oregon Department of Human Services,
17   Child Welfare Division, **OMAR RUIZ**, in his
     individual and official capacity as an employee
18   of the Oregon Department of Human Services,
     Child Welfare Division, **STATE OF
19   OREGON**, by and through its **OFFICE OF
     THE GOVERNOR,
20   STATE OF OREGON**, by and through its
     **PUBLIC HEALTH DIVISION,
21   HEALTH  LICENSING OFFICE**, and
     **SYLVIE DONALDSON**, in her individual
22   capacity and in her official capacity as Section
     Manager of the Health Licensing Office of the
23   Public Health Division of the Oregon Health
     Authority
24
25
26      ʼ

Page 1 -   ACCEPTANCE OF SERVICE
        MA/jh2/Glamour 5151 CAP Caption Copy Only.docx

Defendants.

1

2          I, Marc Abrams, certify that:

3          I am one of the attorneys for defendants Governor Kate Brown; the Oregon Department

4   of Human Services ("DHS," sued herein as DHS Child Services Division), Rebecca Jones

5   Gaston; Joel Baxter; Ronika Ferguson; Omar Ruiz; State of Oregon Office of the Governor;

6   State of Oregon Public Health Authority ("OHA," sued herein as Public Health Division, Health

7   Licensing Office); and Sylvie Donaldson.  By execution of this document, I hereby accept

8   service on behalf of all defendants for all claims asserted herein.  This Acceptance of Service is

9   to have the same force and effect as if defendants were personally served with the Summons and

10  Complaint, under and pursuant to the Oregon Rules of Civil Procedure and the statutes of the

11  state of Oregon.

12         I will file an Answer or otherwise move on behalf of my clients within the time permitted

13  by statute.

14         DATED January 25, 2021.

15                                            Respectfully submitted,

16                                            ELLEN F. ROSENBLUM
17                                            Attorney General

18

19

20                                            MARC ABRAMS #890149
                                             Assistant Attorney-in-Charge
21                                            CHRISTINA BEATTY-WALTERS, #981634
                                             Senior Assistant Attorney General
22                                            Trial Attorneys
                                             Tel (971) 673-1880/Fax (971) 673-5000
23                                            Marc.Abrams@doj.state.or.us
                                             Tina.BeattyWalters@doj.state.or.us
24                                            Of Attorneys for Defendant

25

26

Page 2 -   ACCEPTANCE OF SERVICE
          MA/jh2/Glamour 5151 CAP Caption Copy Only.docx

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 3, Page 2 of 2
to Notice of Removal

1/4/2021 1:03 PM
20CV45151

1

2

3          IN THE CIRCUIT COURT OF THE STATE OF OREGON

4               FOR THE COUNTY OF MARION

5  **LINDSEY GRAHAM**, an individual and          Case No. 20CV45151
   **GLAMOUR!, LLC**, an Oregon domestic
6  limited liability company,                     ACCEPTANCE OF SERVICE

7               Plaintiff,

8       v.
                                                  **ORS 20.140 - State fees deferred at filing**
9  **KATE BROWN**, in her individual capacity
10 and her official capacity as Governor of the
   State of Oregon, **STATE OF OREGON**; by
11 and through its **DEPARTMENT OF
   HUMAN SERVICES, CHILD WELFARE
12 DIVISION, REBECCA JONES GASTON**,
   in her individual capacity and in her official
13 capacity as Director of the Oregon Department
   of Human Services, Child Welfare Division,
14 **JOEL BAXTER**, in his individual and official
15 capacity as an employee of the Oregon
   Department of Human Services, Child Welfare
16 Division, **RONIKA FERGUSON**, in her
   individual and official capacity as an employee
17 of the Oregon Department of Human Services,
   Child Welfare Division, **OMAR RUIZ**, in his
18 individual and official capacity as an employee
19 of the Oregon Department of Human Services,
   Child Welfare Division, **STATE OF
20 OREGON**, by and through its **OFFICE OF
   THE GOVERNOR,
21  STATE OF OREGON**, by and through its
22 **PUBLIC HEALTH DIVISION,
   HEALTH  LICENSING OFFICE**, and
23 **SYLVIE DONALDSON**, in her individual
   capacity and in her official capacity as Section
24 Manager of the Health Licensing Office of the
   Public Health Division of the Oregon Health
25 Authority

26      ,

Page 1 -   ACCEPTANCE OF SERVICE
           MA/jh2/Glamour 5151 CAP Caption Copy Only.docx

                                            Exhibit 4, Page 1 of 2
                                            to Notice of Removal

1   Defendants.                        |

2

3   I, Marc Abrams, certify that:

    I am one of the attorneys for defendants Governor Kate Brown; the Oregon Department
4
    of Human Services ("DHS," sued herein as DHS Child Services Division), Rebecca Jones
5
    Gaston; Joel Baxter; Ronika Ferguson; Omar Ruiz; State of Oregon Office of the Governor;
6
    State of Oregon Public Health Authority ("OHA," sued herein as Public Health Division, Health
7
    Licensing Office); and Sylvie Donaldson. By execution of this document, I hereby accept
8
    service on behalf of all defendants for all claims asserted herein. This Acceptance of Service is
9
    to have the same force and effect as if defendants were personally served with the Summons and
10
    Complaint, under and pursuant to the Oregon Rules of Civil Procedure and the statutes of the
11
    state of Oregon.
12
    I will file an Answer or otherwise move on behalf of my clients within the time permitted
13
    by statute.
14
    DATED January 4, 2021.
15
                                        Respectfully submitted,
16
                                        ELLEN F. ROSENBLUM
17                                      Attorney General

18

19

20                                      MARC ABRAMS #890149
                                        Assistant Attorney-in-Charge
21                                      CHRISTINA BEATTY-WALTERS, #981634
                                        Senior Assistant Attorney General
22                                      Trial Attorneys
                                        Tel (971) 673-1880/Fax (971) 673-5000
23                                      Marc.Abrams@doj.state.or.us
                                        Tina.BeattyWalters@doj.state.or.us
24                                      Of Attorneys for Defendant
25

26

Page 2 -   ACCEPTANCE OF SERVICE
           MA/jh2/Glamour 5151 CAP Caption Copy Only.docx

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lindsey Graham and Glamour!, LLC

## DEFENDANTS

Governor Kate Brown, State of Oregon, et al.

**(b)** County of Residence of First Listed Plaintiff **Marion**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Marion**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ross Day, Day Law, PC
7831 St. Charles Street NE, Keizer, OR 97303

Attorneys *(If Known)*

Marc Abrams and Christina Beatty-Walters
100 SW Market Street, 97201

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
Plaintiff
- [x] 3  Federal Question
*(U.S. Government Not a Party)*
- [ ] 2  U.S. Government
Defendant
- [ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                              *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original
Proceeding
- [x] 2 Removed from
State Court
- [ ] 3 Remanded from
Appellate Court
- [ ] 4 Reinstated or
Reopened
- [ ] 5 Transferred from
Another District
*(specify)*
- [ ] 6 Multidistrict
Litigation -
Transfer
- [ ] 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
s/Marc Abrams

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 (b) **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 (c) **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)**

III. **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV. **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V. **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

12/18/2020 4:25 PM
20CV45151

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

IN THE CIRCUIT COURT OF THE STATE OF OREGON
IN AND FOR THE COUNTY OF MARION
Civil Department

**LINDSEY GRAHAM,** an individual and
**GLAMOUR!, LLC**, an Oregon domestic
limited liability company,

*Plaintiffs*,

*vs.*

**KATE BROWN**, in her individual capacity
and her official capacity as Governor of the
State of Oregon, **STATE OF OREGON**, by and
through its **DEPARTMENT OF HUMAN
SERVICES, CHILD WELFARE DIVISION**,
**REBECCA JONES GASTON**, in her individual
capacity and in her official capacity as
Director of the Oregon Department of
Human Services, Child Welfare Division,
**JOEL BAXTER**, in his individual and official
capacity as an employee of the Oregon
Department of Human Services, Child
Welfare Division, **RONIKA FERGUSON**, in
her individual and official capacity as an
employee of the Oregon Department of
Human Services, Child Welfare Division,
**OMAR RUIZ**, in his individual and official
capacity as an employee of the Oregon
Department of Human Services, Child
Welfare Division, **STATE OF OREGON**, by
and through its **OFFICE OF THE GOVERNOR**,
**STATE OF OREGON**, by and through its
**PUBLIC HEALTH DIVISION, HEALTH
LICENSING OFFICE**, and **SYLVIE
DONALDSON**,  in her individual capacity and
in her official capacity as Section Manager
of the Health Licensing Office of the Public
Health Division of the Oregon Health
Authority

*Defendants*.

Case No.: 20CV45151

COMPLAINT

(Violation of Civil Rights, 42 U.S.C.
§1983; Violations of the United States
Constitution; ORS 28.010 *et. seq.*,
Declaratory and Injunctive Relief;
Violation of Article I, Section 18 of
the Oregon Constitution; Violation of
Article I, Section 20 of the Oregon
Constitution; Violation of Article I,
Section 21 of the Oregon Constitution;
Retaliation; Intentional Infliction of
Emotional Distress; Wrongful Use of
Civil Proceedings/Abuse of Process;
Claim for Compensation pursuant to
ORS 433.441(6))

AMOUNT IN CONTROVERSY:
$100,000.00

DEMAND FOR JURY TRIAL

Exhibit A, Page 1 of 43
to Notice of Removal

Plaintiffs Lindsey Graham and Glamour!, LLC allege as follows:

**<u>INTRODUCTION</u>**

1.

For the first time in over 100 years, the United States is faced with a pandemic that threatened the health and safety of Americans across the Country.  The response from federal, state and local officials oftentimes imposed heavy burdens on certain sectors of the economy, while other sectors of the economy – especially those that receive a paycheck from the government - have been left largely economically unaffected by these bureaucratic fiats.

2.

In Oregon, the government forced small businesses shut their doors and "ride out" the pandemic.  The government imposed irrational and random restrictions on which businesses could remain open and which businesses had to close.  The government provided little to no notice to the business owners or their employees before entire sectors of the economy were randomly closed for business.

3.

The sudden, irrational, draconian, and irresponsible orders from the Defendant state of Oregon caused many people to lose their jobs, their careers and their small businesses. For many Oregonians, in an instant, their source of support and ability to provide for their families was eviscerated by an callous and unsympathetic bureaucracy.

4.

Defendant state of Oregon, and in particular Defendant Kate Brown, claimed the orders were necessary to protect the public's health, safety and welfare.  In fact, by shutting down private businesses, which in turn caused Oregonians to lose their jobs and their ability

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

1    to support their families, caused **greater** negative health effects on Oregonians in the form of

2    increased stress, anxiety and depression.  Oregonians who do not live off the public dole (like

3    the individually named defendants) were suddenly forced to worry about how they would

4    support themselves and their loved ones,  Oregonians were forced into this position by the

5    very government bureaucracy that feeds off the productivity of Oregonians.

                                        5.

7        While private business owners and their employees were forced to struggle through

8    the government's draconian edicts, the individual defendants named in this action remained

9    comfortable, collecting a paycheck on the backs of the very people who were losing their

10   jobs, careers and businesses.  Defendant Kate Brown even lives in a mansion paid for by the

11   taxpayers of Oregon, at a time when thousands of Oregonians are unable to make rent or

12   mortgage payments.  The repugnant nature of this conflict should not be lost on anyone.

                                        6.

14       After roughly six (6) weeks of living under Defendant Kate Brown's repressive

15   regime, thousands of Oregonians decided they had enough.  On May 2nd, 2020, thousands of

16   Oregonians protested against Defendant Kate Brown's orders shutting down the economy.

17   One of the protesters that day was Plaintiff Lindsey Graham, who, on May 2nd, 2020, decided

18   she would reopen her hair salon so that she, and the other hair stylists who lease space from

19   her, could earn a living to support their families, much the same way all of the individual

20   defendants have been allowed to earn a living, uninterrupted by the government.

                                        7.

22       Little did Plaintiff Lindsey Graham know that her small step of protest, of civil

23   disobedience, would make her and her business a target for all of the Defendants to take aim.

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

The conduct of the Defendants, individually and collectively, alleged below, is beyond reprehensible.  The conduct of the Defendants represents the absolute worst abuses of power one could possibly imagine.  Even George Orwell would be shocked and appalled at the Defendants' conduct.  At the heart of the Defendants' conduct is the Defendants' ultimate goal: make Plaintiff Lindsey Graham an example to anyone else who may try to experience personal and economic freedom.  The Defendants wanted to teach Plaintiff Lindsey Graham a lesson – and others like her: the Government gets to do what it wants, no questions asked.

8.

The government has used the fear of pandemic as an excuse to trample on the rights of Oregonians over the last several of months.  While the government has broad authority to take steps to protect the general public, that authority must be balanced against the individual liberties protected by the United States and Oregon Constitutions.  If the government can avoid the "inconvenience" of respecting the constitutional rights of individuals by simply declaring the existence of a "public health emergency", then the rights guaranteed by the United States and Oregon Constitutions are nothing more than wasted ink on an old piece of paper.

9.

Plaintiff Lindsey Graham, and others like her, have a fundamental right to earn a living.  They have a right to take care of and provide for themselves and their families.  They have a right to protest the government.  They have a right to question the government.  They have a right not to believe the government.  They have a right not to trust the government.  And Plaintiff Lindsey Graham, and others like her, have a right – indeed a duty - to stand

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**4** of **38**  COMPLAINT

against the government when the safety and security of their families are put at risk by the

very government that is supposed to be there to protect them.

## **THE PARTIES**

10.

At all material times, Plaintiff Lindsey Graham (herein "Graham") was a resident of

Marion County, Oregon.

11.

Plaintiff Glamour!, LLC  (herein "Glamour") is an Oregon domestic limited liability

Company whose principal place of business is located in Marion County, Oregon.  Graham is

the sole member of Glamour and sole owner of any units of ownership of Glamour.

12.

Defendant Kate Brown (herein "Brown") is sued in both her individual and official

capacities.  In her official capacity, Brown is the Governor of the state of Oregon.  Each

claim for relief against Brown, stated below, will designate whether Brown is being sued in

her individual or official capacity.

13.

Defendant State of Oregon, by and through its Department of Human Resources,

Child Welfare Division (herein "Child Welfare Division") is an agency of the of the state of

Oregon.

14.

Defendant State of Oregon, by and through its Office of the Governor (herein

"Office of the Governor") is an agency of the of the state of Oregon.

////

Day Law, PC
P.O. Box 30148
Portland, Oregon 97294
(503) 747-2705 phone
(503) 914-1892 fax

**5** of **38**   COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

15.

Defendant State of Oregon, by and through its Health Licensing Office of the Public Health Division (herein "Health Licensing Office") is an agency of the of the state of Oregon.

16.

Defendant Rebecca Jones Gaston (herein "Gaston") is sued in both her individual and official capacities. In her official capacity, Gaston is the Director of the Child Welfare Division of the Oregon Department of Human Services. Each claim for relief against Gaston, stated below, will designate whether Gaston is being sued in her individual or official capacity.

17.

Defendant Joel Baxter (herein "Baxter") is sued in both his individual and official capacities. In his official capacity, on information and belief, Baxter is an employee of the Child Welfare Division of the Oregon Department of Human Services. Each claim for relief against Baxter, stated below, will designate whether Baxter is being sued in his individual or official capacity.

18.

Defendant Ronika Ferguson (herein "Ferguson") is sued in both her individual and official capacities. In her official capacity, on information and belief, Ferguson is an employee of the Child Welfare Division of the Oregon Department of Human Services. Each claim for relief against Ferguson, stated below, will designate whether Ferguson is being sued in her individual or official capacity.

////

**6** of **38**  COMPLAINT

19.

Defendant Omar Ruiz (herein "Ruiz") is sued in both his individual and official capacities.  In his official capacity, on information and belief, Ruiz is an employee of the Child Welfare Division of the Oregon Department of Human Services.  Each claim for relief against Ruiz, stated below, will designate whether Ruiz is being sued in his individual or official capacity.

20.

Defendant Sylvie Donaldson (herein "Donaldson") is sued in both her individual and official capacities.  In her official capacity, Donaldson is the Section Manager of the Health Licensing Office of the Public Health Division of the Oregon Health Authority.  Each claim for relief against Donaldson, stated below, will designate whether Donaldson is being sued in her individual or official capacity.

21.

For purposes of this Complaint, all Defendants were serving in their official designated capacities at all relevant times.

22.

For purposes of this Complaint, all Defendants were at all relevant times, acting under color of law.

23.

Unless otherwise specifically delineated, all defendants shall be referred to herein collectively as "Defendants".

////

////

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**7** of **38**   COMPLAINT

1

**VENUE**

2

24.

3    The acts giving rise to the claims presented in this complaint occurred in Marion

4    County, Oregon.  Accordingly, venue is appropriate in this Court.

5

**GENERAL ALLEGATIONS**

6

25.

7    Glamour and Graham operate Glamour! salon (herein "Salon").  The Salon, through

8    its independent contractors, offers various services to its customers including but not limited

9    to hair styling, makeup, hair extensions, nail care, esthetics services, skin care services, and

10    tanning services (herein collectively "Services").

11

26.

12    Glamour and Graham are licensed by the Defendant Health Licensing Office to

13    provide the Services to the public.

14

27.

15    In order to be able to provide the Services to the general public, Graham had to obtain

16    a license from the Defendant Health Licensing Office (herein "Individual License").  In order

17    for Graham  to obtain an Individual License from the Defendant Health Licensing Office,

18    Graham had to complete the required education courses, perform a required number of hours

19    of practical training, and successfully pass an examination proffered by the Oregon Board of

20    Cosmetology.

21

28.

22    In order to be able to provide the Services to the general public, Glamour had to

23    obtain a license from the Defendant Health Licensing Office (herein "Facility License").  In

24

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

order for Glamour to be able to obtain the Facility License, Glamour had to demonstrate to the Defendant Health Licensing Office that it could provide the Services as required by law, and that Glamour could provide the Services in a manner that was safe to customers of Glamour, to the individual independent contractors that provide hair styling and other services to the general public, and to the general public as a whole.

29.

In addition to the requirements for obtaining the Individual License and the Facility License, Graham and Glamour (respectively) must continue to demonstrate the ability to safely provide the Services to Graham's customers, and the public in general.

30.

Graham has been licensed by the Defendant Health Licensing Office for the past fifteen (15) years.

31.

Glamour has been in operation – and licensed by the Defendant Health Licensing Office – since 2009.

32.

Neither Graham nor Glamour has ever been found to be in violation of any law or regulation applicable to the provision of the Services.

33.

The Salon is located at 195 Liberty Street in Salem, county of Marion, Oregon.

34.

Glamour leases spaces for other hair stylists to provide services similar to the Services provided by Glamour and Graham.  The stylists who provide services are required

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

1  to have their own licenses (in good standing) with the Defendant Health Licensing Office,

2  their own businesses, their own clientele, and their own operational structure.  The stylists

3  who lease space from Glamour are independent contractors and not employees of either

4  Glamour or Graham.

5                                              35.

6         Up until May 4th, 2020, Glamour has never received a notice of violation, a citation,

7  an order, or any other form of discipline or communication from the state of Oregon or any

8  of the named defendants, ever.

9                                              36.

10        Up until May 4th, 2020, Graham (who is a mother of three), never received a notice of

11  violation, a citation, an order, or any other form of discipline or communication from the

12  state of Oregon or any of the named defendants.  Personally, Graham never received any

13  communications, notices, inquiries, reports, complaints or any other form of communication

14  whatsoever from the Defendant Oregon Department of Human Services, Child Welfare

15  Division.

16                                              37.

17        All of that changed on May 4th, 2020.

18                                              38.

19        On March 8th, 2020, Defendant, in her official capacity, Kate Brown declared an

20  emergency under ORS 401.165 *et. seq.* due to the public health threat posed by the novel

21  infectious coronavirus (herein "COVID -19") by signing Executive Order 20-03.  Defendant

22  Kate Brown's declaration <u>did not</u> require facilities that provide cosmetology services to cease

23  or restrict operations.

24

**10** of **38**          COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

39.

On March 23rd, 2020, Defendant Kate Brown issued Executive Order 20-12 which was entitled "Stay Home, Save Lives". Executive Order 20-12 required certain types of barber shops and hair salons to cease operations immediately.  Executive Order 20-12 did not, however, apply to all cosmetology facilities like Glamour, nor all cosmetology service providers like Graham.

40.

According to the state of Oregon, under Executive Order 20-12, "Cosmetology services that are provided as part of the health and safety of those living in senior housing and long term care setting are permitted to operate under current facility contracts while adhering to guidance and policies on screening, social distancing, personal protection equipment and sanitization guidelines that the facility has in place." (herein "Special Exception").  There is no rational basis for the Special Exception.

41.

The Special Exception to Executive Order 20-12 was never made available to cosmetology service providers like Glamour and/or Graham.  No defendant has ever provided any explanation why the Special Exception was not made for cosmetology service providers like Glamour and/or Graham.

42.

Executive Order 20-12, as it pertained to cosmetology service providers such as Glamour and Graham, was issued, in part, pursuant to ORS 433.441.

////

////

**11** of **38**        COMPLAINT

43.

Executive Order 20-12, by its terms, "remains in effect until terminated by the Governor."

44.

Executive Order 20-12 threatened anyone who dare violate the order with, among other penalties, criminal prosecution.

45.

Graham and Glamour dutifully followed the edicts of Executive Order 2012, ceasing operations from approximately March 24th, 2020 until approximately May 5th, 2020.

46.

As a result of ceasing operations, Graham suffered damages in that she lost business opportunity, revenue from clients, and damage to her reputation and goodwill. Unlike the individual named defendants who collected paychecks (because they work for the government) from March 24th, 2020 through May 5th, 2020 and were able continue to provide for themselves and/or their families, Graham (like many other people who do not have the luxury of working for the government) immediately lost a substantial source of income used to provide for herself and her young family.

47.

As a result of ceasing operations, Glamour suffered damages in the form of lost business opportunity, lease revenue, damage to its reputation and business goodwill.

48.

Graham and Glamour, like many other private businesses in Oregon forced to cease operations, continued to incur basic expenses such as food, mortgage payments, rent

Day Law, PC
P.O. Box 30148
Portland, Oregon 97294
(503) 747-2705 phone
(503) 914-1892 fax

**12** of **38**        COMPLAINT

payments, utilities, medical bills, and other costs which were difficult to pay for because the government forced closure immediately stopped Graham and Glamour from generating income.

49.

The inability to generate revenue – and therefore income – by either Graham and/or Glamour caused undue stress and anxiety for Graham, which is directly attributable to being forced to cease operations as ordered by Defendant Kate Brown through Executive Order 20-12.  The stress, anxiety and distress suffered by Graham is a reasonably foreseeable consequence of the conduct of Defendant Kate Brown and the other named defendants.

50.

While individuals and businesses such as Graham and Glamour struggled to make ends meet for nearly six (6) weeks, government employees like Defendant Kate Brown and the other individual named defendants did not have to worry about where their next paycheck would come from.  Defendant Kate Brown and the other individual named defendants received paychecks from the government without any stress or anxiety worrying about where their next paycheck would come from.  From the individual defendants' perspectives, they are always going to be paid, because they work for the government.

51.

Because Defendant Kate Brown and the other individually named defendants do not have to worry about losing their inability to provide for themselves and their families, they have developed a callous disregard and contempt for individuals like Graham and businesses like Glamour who, for six weeks, were practically begging for "permission" from Defendant Kate Brown to re-open so they could take care of themselves and their families.  Defendant

Day Law, PC
P.O. Box 30148
Portland, Oregon 97294
(503) 747-2705 Phone
(503) 914-1892 Fax

**13** of **38**        COMPLAINT

1  Kate Brown purposefully ignored the plight of individuals and businesses like Graham and

2  Glamour.

3  52.

4  With tensions rising, and no evidence that Defendant Brown would do anything in the

5  near future to help struggling families and businesses, a group of Oregonians organized a

6  protest for May 2nd, 2020, at the Oregon state capital building in Salem, Oregon, to beg

7  Defendant Kate Brown to "Re-Open Oregon". The petitions of the group on May 2nd, 2020

8  were largely ignored by Defendant Kate Brown and others in the government-class.

9  53.

10  Graham attended the protest on May 2nd, 2020. She met with many individuals and

11  business owners who were equally concerned about their ability to provide for their families.

12  54.

13  After attending the May 2nd, 2020 protest in Salem, Oregon, Graham thought about

14  the injustices forced upon her, her business, the other stylists who lease space from Glamour,

15  and how all of these people are suffering while Defendant Kate Brown is not facing the same

16  fate. It was at that moment that Graham decided she would re-open her business and allow

17  the stylists who rent space from Glamour to re-open as well, despite Executive Order 20-12.

18  55.

19  Graham did not, and does not, believe that Defendant Kate Brown has the lawful

20  authority to force private businesses to cease operations if the private businesses can

21  demonstrate they can operate safely without jeopardizing the public's health.

22  ////

23  ////

24

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**14** of **38**        COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

56.

Graham has never been given an opportunity – either before or after the issuance of Executive Order 20-12 – to demonstrate to <u>any defendant</u> her ability to provide the Services in a safe and healthy manner that allows her to continue to provide the Services while at the same time protecting the public's health.

57.

On May 3rd, 2020, Graham announced (in what she thought was a semi-private manner) on her Facebook page that she would "re-open" her business and provide the Services to her clientele on May 5th, 2020.  Little did Graham know that her decision to "re-open" would bring the full wrath of Defendant Kate Brown and the Defendant state of Oregon upon her.  Graham's life would never be the same again.

58.

On information and belief, Graham's semi-private announcement that she would "re-open" on May 5th, 2020, quickly spread across the internet.  Soon, Graham received contact from various media outlets, describing Graham's desire to "re-open" as an act of "civil disobedience" against Defendant Kate Brown and Defendant state of Oregon.  In reality, all Graham wanted to do is to be able to provide for her family, and to allow those that lease space from Glamour the ability to provide for their families as well.

59.

On May 4th, 2020, several stories appeared in media outlets across the state of Oregon, and across the pacific northwest, about Graham's decision to "re-open".

////

////

**15** of **38**        COMPLAINT

1

60.

2

On May 4th, 2020, Graham arrived at the Salon and began the process of cleaning the

3

Salon in preparation for "re-opening" on May 5th, 2020.  Graham followed appropriate health

4

protocols, wiping down surfaces with anti-bacterial cleaner, cleaning floors, making sure

5

proper mask hygiene protocols were in place, and other steps to ensure the Salon would be

6

safe to the next day's customers.

7

61.

8

On May 4th, 2020, Graham received the first of what would be many communications

9

from various state of Oregon agencies who were attempting to bully, intimidate, frighten and

10

terrorize Graham into not "re-opening".  The first contact came from a person working for

11

the Oregon Occupational Safety and Health Administration (OSHA) who threatened Graham

12

with as much as a $70,000.00 fine if Graham insisted on "re-opening" on May 5th, 2020.

13

62.

14

At the time of the visit from the OSHA bureaucrat Graham was confused because

15

neither Graham or Glamour has employees.  OSHA only has jurisdiction over "places of

16

employment".  A place of employment is a place where people are "employed", i.e. where

17

people are employees.  Since there were no "employees" of either Graham or Glamour, and

18

OSHA already knew as much, the threat from OSHA on May 4th, 2020 was even more

19

suspicious to Graham.

20

63.

21

The person from OSHA who threatened Graham did not ask Graham if she could

22

provide the Services in a safe manner, consistent with appropriate health protocols.  The

23

person clearly arrived with one purpose in mind – deliver the message to Graham that her

24

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**16** of **38**      COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

1  "civil disobedience" would not be tolerated by Defendant Kate Brown and Defendant state of

2  Oregon.  The OSHA representative told Graham that he would be back by the Salon the next

3  day to make sure Graham got the message and would not open.  The OSHA representative

4  never, in fact, returned to the Salon.  Little did Graham know that the message sent by OSHA

5  was only the beginning.

6                                                    64.

7          Graham decided she would not be bullied, or extorted, into doing what she needed to

8  do in order to be able to provide for her family.  On May 5th, 2020, at 10:00 a.m., with

9  hundreds of supporters and the media present, Graham and Glamour "re-opened".

10                                                   65.

11         Glamour leases the space where the Salon is located from the city of Salem.  On May

12  5th, 2020, Glamour and Graham received a letter from the city of Salem suggesting that

13  Glamour may be in violation of its lease, and therefore may be in default of Glamour's lease

14  with the city of Salem.  This was the second message Graham and Glamour received from

15  the government communicating to Graham and Glamour that they had better do what the

16  government tells them to do, or else.

17                                                   66.

18         The city of Salem has never taken any action against Glamour and/or Graham, despite

19  the threat in its May 5th, 2020 letter.

20                                                   67.

21         On May 6th, 2020, for the first time ever, Graham and Glamour received an undated

22  letter from Defendant Health Licensing Office threatening to impose civil penalties,

23  including revocation of the Individual License and Facility License, as well as criminal

24

**17** of **38**          COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

penalties if Graham and/or Glamour did not comply with Defendant Kate Brown's demands. The message to Graham was clear - her "civil disobedience" would not be tolerated by Defendant Kate Brown and Defendant state of Oregon. It was also clear to Graham that Defendant Health Licensing Office, Defendant Kate Brown, and indeed Defendant state of Oregon did not care whether Graham and Glamour could provide the Services in a safe manner, consistent with appropriate health protocols.

68.

Despite the threats, bullying and repeated "messages" sent to Graham and Glamour by the government, Graham and Glamour continued to provide the Services to select clientele. Importantly, no person who utilized any of the Services from May 5th, 2020 until the present have become sick with COVID-19.

69.

Defendant Kate Brown grew increasingly frustrated with the fact that Graham and Glamour refused to bow down to her authority. Defendant Kate Brown publicly called Graham and Glamour's "re-opening" "unfortunate" and "irresponsible" – only further making Graham and Glamour a target by the government. The fact that Defendant Kate Brown would refer to Graham's actions intended to help Graham provide for her family as "unfortunate" and "irresponsible" shows exactly how much disdain career government employees like Defendant Kate Brown have for people like Graham who need to provide for their families.

70.

Little did Graham know that the worst was yet to come.

////

**18** of **38**        COMPLAINT

71.

On May 6ᵗʰ, 2020, at 9:05 am, Defendant Oregon Department of Human Services, Child Welfare Division, allegedly received an "anonymous" complaint concerning Graham and her three children.  The "alleged complaint" was taken by Defendant Joel Baxter.

72.

No such complaint was ever actually received by Defendant Oregon Department of Human Services, Child Welfare Division.  The "alleged complaint" is a complete and total fabrication by Defendant Oregon Department of Human Services, Child Welfare Division to again target Graham and Glamour, this time by making the battle personal and doing the unthinkable – going after Graham's family.

73.

According to Defendant Oregon Department of Human Services, Child Welfare Division records, the person making the "alleged complaint" "provided vague details" that were based on "Hearsay, rumors, etc.".  The person making the alleged complaint admitted to "not directly witness[ing] what she is reporting".

74.

The allegations made by the anonymous complainant are so outrageous, so ridiculous, so unbelievable against Graham, no rational person could have actually believed the allegations, let alone actually suggest the allegations be followed up on.

75.

Defendant Joel Baxter, as screener, consulted with his supervisor, Defendant Ronka Ferguson.  Unbelievably, even though the alleged complaint was made by an anonymous complainant who admits to never witnessing any conduct by Graham, Defendant Joel Baxter

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**19** of **38**     COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

1   and Defendant Ronka Ferguson required a response time of 72 hours – which suggests

2   Defendants Baxter and Ferguson thought someone's life was in danger, even though **nobody**

3   witnessed **anyone** doing anything wrong.

4                                   76.

5        Defendant State of Oregon, Department of Human Services, Child Welfare Division,

6   assigned the case to Defendant Omar Ruiz.

7                                   77.

8        On May 8th, 2020, Defendant Omar Ruiz made contact with Graham and her family.

9                                   78.

10       On May 11th, 2020, Defendant Omar Ruiz interviewed Graham and her family.

11                                  79.

12       Thereafter, Defendant Omar Ruiz closed the investigation into Graham and her

13  family and found the complaint to be unfounded/unsubstantiated.

14                                  80.

15       The actions taken by the Defendants described in paragraphs 1 through 79, 83

16  through 87, 92 through 96, 101 through 104, 109 through 113, 124 through 129, and 132

17  through 135, of this Complaint, were taken for an improper purpose, and not for any

18  legislative, executive, judicial or other proceeding authorized by law, or for any matter of

19  public interest under consideration in any legislative, executive, judicial or other proceeding

20  authorized by law.

21                                  81.

22       On May 19th, 2020, Graham and Glamour provided the defendants with a notice

23  pursuant to O30.275 of their intent to bring various tort claims against the defendants.  In the

24

**20** of **38**        COMPLAINT

1   alternative, this Complaint is being filed and served on the defendants within 180 days of the

2   date of the events giving rise to the claims contained in this Complaint.

3                              **FIRST CLAIM FOR RELIEF**
    **(Violations of the Civil Rights Act – 42 U.S.C. §1983)**

4

5                                      **COUNT I**
                     **U.S. Const. Fourteenth Amendment**
6                           <u>Violation of Due Process</u>
    **(Against Defendant Kate Brown in her Official Capacity and Defendant State of
                                      Oregon)**
7              **(Seeking Declaratory and Injunctive Relief)**

8                                        82.

9       Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through

10  81 as if fully set forth herein.

11                                       83.

12      The Individual License and the Facility License are rights to operate granted by the

13  Defendant State of Oregon, and more specifically Defendant Health Licensing Office, to

14  Graham and Glamour, respectively.  The right to operate granted by the Individual License

15  and the Facility License are constitutionally protected rights.

16                                       84.

17      Defendants Kate Brown and State of Oregon never provided the Plaintiffs with any

18  process whatsoever before Defendants Kate Brown and State of Oregon deprived the

19  Plaintiffs of the Plaintiffs' most basic civil rights.  Defendants Kate Brown and State of

20  Oregon never provided Plaintiffs with any notice, any opportunity to defend themselves

21  against Defendant Kate Brown and Defendant State of Oregon's actions, an impartial

22  decision-maker, or any post-deprivation procedures whatsoever.

23  ////

24

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**21** of **38**       COMPLAINT

85.

The actions taken by Defendant Kate Brown and Defendant State of Oregon were taken with the intent to deprive the Plaintiffs of their basic civil rights guaranteed by the United States and Oregon Constitutions.

86.

Defendant Kate Brown and Defendant State of Oregon's actions described throughout this Complaint violated the Plaintiffs' most basic rights to procedural due process in violation of the United States Constitution.

87.

At all times Defendant Kate Brown and Defendant State of Oregon was acting under color of law.

88.

Plaintiffs are entitled to a declaration that Defendant Kate Brown and Defendant State of Oregon's actions, described above, violated the Plaintiffs' most basic rights to procedural due process in violation of the United States Constitution.

89.

 Plaintiffs are entitled to injunctive relief, enjoining Defendant Kate Brown and Defendant State of Oregon from violating the Plaintiffs' most basic rights to procedural due process guaranteed by the United States Constitution, as described above.

90.

Pursuant to 42 U.S.C. §1988, the Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

////

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**22** of **38**        COMPLAINT

Day Law, PC
P.O. Box 30148
Portland, Oregon 97294
(503) 747-2705 phone
(503) 914-1892 fax

**COUNT II**
**U.S. Const. Fourteenth Amendment**
**Equal Protection of the Laws**
**(Against Defendant Kate Brown in her Official Capacity and Defendant State of Oregon)**
**(Seeking Declaratory and Injunctive Relief)**

91.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

92.

The Individual License and the Facility License are rights to operate granted by the Defendant State of Oregon, and more specifically Defendant Health Licensing Office, to Graham and Glamour, respectively.  The right to operate granted by the Individual License and the Facility License are constitutionally protected rights.

93.

Executive Order 20-12 was not applied to all cosmetology facilities like Glamour, nor all cosmetology service providers like Graham.  Notwithstanding the language of Executive Order 20-12, some cosmetology facilities and cosmetology service providers were allowed to continue to provide services, without suffering the same forms of harassment, intimidation, bullying and extortion Graham and Glamour were forced to endure by the Defendants.

94.

The actions taken by Defendant Kate Brown and Defendant State of Oregon were taken with the intent to deprive the Plaintiffs of their basic civil rights guaranteed by the United States and Oregon Constitutions.

////

////

**23** of **38**        COMPLAINT

95.

Defendant Kate Brown and Defendant State of Oregon's actions described throughout this Complaint treated Plaintiffs differently than other similarly situated persons and/or companies who hold the same licenses as the Plaintiffs in violation of Plaintiffs' right to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

96.

At all times Defendant Kate Brown and Defendant State of Oregon was acting under color of law.

97.

Plaintiffs are entitled to a declaration that Defendant Kate Brown and Defendant State of Oregon's actions, described above, violated the Plaintiffs' most basic rights to equal protection of the laws in violation of the United States Constitution.  There is no rational basis for the differential treatment described herein.

98.

Plaintiffs are entitled to injunctive relief, enjoining Defendant Kate Brown and Defendant State of Oregon from violating the Plaintiffs' most basic rights to equal protection of the laws, as described above.

99.

Pursuant to 42 U.S.C. §1988, the Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

////

////

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**24** of **38**        COMPLAINT

**COUNT III**
**U.S. Const. First Amendment**
**Retaliation For Protected First Amendment Activity**
**(Against All Defendants in their Official Capacities)**
**(Seeking Declaratory and Injunctive Relief)**

100.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

101.

Plaintiffs' decision to "re-open", and subsequent conduct including but not limited to holding multiple rallies and media events constituted speech protected by the First Amendment to the United States Constitution.

102.

The conduct of all Defendants, described above, was taken in direct response to, and in a concerted effort, to squelch, infringe upon, damage, and prevent Plaintiffs speech, which is protected by the First Amendment to the United States Constitution.

103.

The actions taken by the Defendants were taken with the intent to deprive the Plaintiffs of their basic civil rights guaranteed by the United States and Oregon Constitutions.

104.

At all times all Defendants were acting under color of law.

////

////

////

////

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**25** of **38**        COMPLAINT

105.

Plaintiffs are entitled to a declaration that all of the Defendants' actions, described above, violated the Plaintiffs' most basic right to free speech and protest protected by the First Amendment to the United States Constitution.

106.

Plaintiffs are entitled to injunctive relief, enjoining Defendants from violating the Plaintiffs' most basic right to engage in free speech, as described above.

107.

Pursuant to 42 U.S.C. §1988, the Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

**COUNT IV**
**U.S. Const. Fourteenth Amendment**
**<u>Substantive Due Process</u>**
**(Against All Defendants in their Official Capacities)**
**(Seeking Declaratory and Injunctive Relief)**

108.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

109.

Defendants engaged in a course of conduct intended to harass, intimidate, extort and bully the Plaintiffs into complying with an edict of Defendant Kate Brown.

110.

The conduct of all Defendants, described above, was taken in concert with one another, in an effort to prevent Plaintiffs from earning a living and supporting Graham's family, which Graham has a constitutional right to do.

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**26** of **38**       COMPLAINT

1

2       111.

3       The conduct of all Defendants, described above, was taken in concert with one

4   another, in an effort to interfere with Plaintiff Graham's right to raise her children, is

5   especially disturbing and were not taken for a proper purpose.

6       112.

7       The actions taken by the Defendants were taken with the intent to deprive the

8   Plaintiffs of right to substantive due process guaranteed by the Fourteenth Amendment to the

9   United States.  There is no rational basis for the Defendants' conduct, or the decisions made

10  by the Defendants to target, harass, bully and intimidate the Plaintiffs.

11      113.

12      At all times all Defendants were acting under color of law.

13      114.

14      Plaintiffs are entitled to a declaration that all of the Defendants' actions, described

15  above, violated the Plaintiffs' right to substantive due process protected by the Fourteenth

16  Amendment to the United States Constitution.

17      115.

18      Plaintiffs are entitled to injunctive relief, enjoining Defendants from violating the

19  Plaintiffs' rights guaranteed by the Fourteenth Amendment to the United States Constitution,

20  as described above.

21      116.

22      Pursuant to 42 U.S.C. §1988, the Plaintiffs are entitled to an award of their costs,

23  disbursements and reasonable attorney fees.

24  ////

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**27** of **38**        COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**COUNT V**
**U.S. Const. Fifth Amendment through the Fourteenth Amendment**
**<u>Takings</u>**
**(Against Defendant Kate Brown in her Official Capacity and Defendant State of Oregon)**
**(Seeking Declaratory and Injunctive Relief)**

117.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

118.

The actions of the Defendant State of Oregon and Defendant Kate Brown, preventing Plaintiffs from using the property Plaintiff Graham leases from the city of Salem, under threat of prosecution, constitutes a taking of private property for which Plaintiff Graham is entitled to compensation.

119.

At all times all Defendants were acting under color of law.

120.

Plaintiffs are entitled to a declaration Defendant Kate Brown and Defendant State of Oregon's actions, described above, constituted a taking of Plaintiffs' property for which the Plaintiffs are entitled to compensation.

121.

Plaintiffs are entitled to injunctive relief, enjoining Defendants from violating the Plaintiffs' rights guaranteed by the Fifth Amendment to the United States Constitution as applied through Fourteenth Amendment to the United States Constitution, as described above.

**28** of **38**      COMPLAINT

122.

Pursuant to 42 U.S.C. §1988, the Plaintiffs are entitled to an award of their costs, disbursements and reasonable attorney fees.

**SECOND CLAIM FOR RELIEF**
**(Intentional or Negligent Infliction of Emotional Distress)**
**(On Behalf of Plaintiff Graham Only)**
**(Against All Defendants in Their Individual Capacities)**

123.

Plaintiff Graham realleges and incorporates the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

124.

Defendants' actions, described above, were intentional and intended to cause severe emotional distress to Graham.   In the alternative, the individual Defendants were acting as agents of the government with all the power and authority that comes with his position, and acted in a manner that was certain or substantially certain to result in severe emotional distress to Graham.

125.

In the alternative, Defendants' actions, described above, intentionally, recklessly or negligently infringed and threatened the legally protected rights of Plaintiff Graham as the parent of her children to parent her children.  The Defendants' actions, described above, caused foreseeable distress to Plaintiff Graham in the form of emotional distress and trauma manifesting itself in nausea, migraine headaches and other physical pain to accompany the distress.

////

////

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**29** of **38**      COMPLAINT

126.

The individual Defendants' actions, in fact, caused severe emotional distress to Graham, which in turn caused physical harm to Plaintiff Graham in the form of nausea, headaches, and other physical pain caused by anxiety and stress.

127.

The individual Defendants' conduct described above far exceeds any limit of socially tolerable behavior.  The individual Defendants took part in a scheme, whether they were aware of the other participants or not, which constituted abuse of public office, in violation of ORS 162.415.  The individual Defendants were acting towards one goal – silencing Graham – and they undertook whatever means necessary to threaten, intimidate and terrorize Graham including:

- Threatening Graham with a $70,000.00 fine when they knew Graham had not been generating income for nearly six (6) weeks, knowing full well that such a fine would likely bankrupt Graham and Glamour;

- Threatening Graham with revocation of her Individual License and Facility License even though there was no evidence whatsoever that anything Graham or Glamour was doing presented any harm to the public;

- And worst of all, sending child protective services to Graham's home in a not-so-veiled threat based on an entirely fictitious "report" of child neglect that was allegedly based on an "anonymous" report from someone who never actually witnessed Graham do anything wrong.

////

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**30** of **38**          COMPLAINT

128.

The individual Defendants, any one of them, could have stopped the persecution of Graham, but not a single person stepped in to do the right thing. Instead, each individual Defendant continued to scheme of harassment, intimidation, bullying and borderline extortion developed by Defendant State of Oregon and perpetuated by Defendant Kate Brown, who viewed Graham's attempts to provide for her family as "unfortunate" and "irresponsible". Under no circumstances is the conduct described in paragraph 127 acceptable conduct, and the fact that not one single individual Defendant stood up and tried to put a stop to the outrageous conduct is evidence of the individual Defendants' intent to cause harm – severe emotional distress – to Graham. The individual Defendants know better, but they did nothing.

129.

The severe emotional distress suffered by Graham is a reasonably foreseeable consequence of the outrageous conduct of the Defendants.

130.

As a result of the individual Defendants' conduct, Graham was harmed in the amount of $100,000.00, or an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**(Abuse of Process/Wrongful Use of Civil Proceedings)**
**(Against All Defendants)**

131.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81 as if fully set forth herein.

////

**31** of **38**        COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

132.

As described in paragraphs 67 and 70 through 79, above, the Defendants undertook a scheme to institute a number of baseless attached against Graham and Glamour.

133.

On information and belief, the threats received by Graham and Glamour described in paragraph 65, above, were instigated by one or more of the Defendants

134.

All of the actions taken by the Defendants, described in paragraphs 65, 67, and 70 through 79, above, were resolved in Plaintiffs' favor. There was absolutely no basis for the actions taken by the Defendants described herein.

135.

The primary purpose of the actions taken by the Defendants, described in paragraphs 65, 67, and 70 through 79, above, were to harass, intimidate, bully and borderline extort the Plaintiffs into complying with what the Plaintiffs in good faith believed were unconstitutional actions taken by the Defendants.

136.

As a result of the individual Defendants' conduct, Plaintiffs were harmed in the amount of $100,000.00, or an amount to be proven at trial.

////
////
////
////
////

**32** of **38**        COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**FOURTH CLAIM FOR RELIEF**
**(Declaratory Relief – ORS 28.010 *et. seq.* and Injunctive Relief)**

**COUNT I**
**(By All Plaintiffs against Defendant State of Oregon and Defendant Kate Brown)**
**(Violation of Article I, Section 18 of the Oregon Constitution)**

137.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81, and 83 as if fully set forth herein.

138.

The Defendant State of Oregon and Defendant Kate Brown's actions, described above, constitute an unconstitutional taking of the Plaintiff's property, in particular the constitutionally protected right to use the property Plaintiffs lease from the city of Salem and the Plaintiffs' property right in their respective licenses, in violation of Article I, Section 18 of the Oregon Constitution.

139.

The Plaintiffs are entitled to a declaration from this Court declaring the actions of the Defendant State of Oregon and Defendant Kate Brown described in this Complaint constitute a taking of private property without the payment of just compensation in violation of Article I, Section 18 of the Oregon Constitution.

140.

The Plaintiffs are entitled to such injunctive relief as is necessary to enjoin the Defendant State of Oregon and Defendant Kate Brown from continuing to violate the Plaintiffs' constitutionally protected rights.

////

**33** of **38**      COMPLAINT

**COUNT II**
**(By All Plaintiffs)**
**(Against All Defendants)**
**(Violation of Article I, Section 20 of the Oregon Constitution)**

141.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81, 83 through 86, 92 through 95, 101 through 103, 109 through 112, 124 through 129, and 132 through 135 as if fully set forth herein.

142.

The Defendants' actions constitute unequal treatment of the Plaintiffs by the Defendants  in violation of Article I, Section 20 of the Oregon Constitution.

143.

The Plaintiffs are entitled to a declaration from this Court declaring the actions of the Defendants described in this Complaint constitute denial of equal privileges and immunities guaranteed by the Oregon Constitution in violation of Article I, Section 20 of the Oregon Constitution.

144.

The Plaintiffs are entitled to such injunctive relief as is necessary to enjoin the Defendants from continuing to violate the Plaintiffs' constitutionally protected rights.

**FIFTH CLAIM FOR RELIEF**
**(By all Plaintiffs against Defendant State of Oregon**
**(Claim for Compensation Pursuant to ORS 433.441(6))**

145.

Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 81, 83, 118, and 138 as if fully set forth herein.

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**34** of **38**        COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

146.

The actions of the Defendant State of Oregon described in this Complaint constitute a taking of property owned by the Plaintiffs for which the Plaintiffs are entitled to reasonable compensation under ORS 433.441(6).

147.

As a result of the Defendant State of Oregon's conduct, The Plaintiffs were harmed in the amount of at least $100,000.00, or an amount to be proven at trial.

**WHEREFORE**, Plaintiffs respectfully pray this Court for the following relief

1. On Plaintiffs' First Claim For Relief, Count I, a Declaration against Defendant Kate Brown and Defendant State of Oregon, declaring that the actions taken by Defendant Kate Brown and Defendant State of Oregon deprived the Plaintiffs of their basic procedural due process rights guaranteed by the Fourteenth Amendment to the United States Constitution;

2. On Plaintiffs' First Claim For Relief, Count I, an injunction against Defendant Kate Brown and Defendant State of Oregon, enjoining Defendant Kate Brown and Defendant State of Oregon from depriving the Plaintiffs of their basic procedural due rights guaranteed by the Fourteenth Amendment to the United States Constitution.

3. On Plaintiffs' First Claim For Relief, Count II, a Declaration against Defendant Kate Brown and Defendant State of Oregon, declaring that the actions taken by Defendant Kate Brown and Defendant State of Oregon deprived the Plaintiffs of their right to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution;

**35** of **38**      COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

4.  On Plaintiffs' First Claim For Relief, Count II, an injunction against Defendant Kate Brown and Defendant State of Oregon, enjoining Defendant Kate Brown and Defendant State of Oregon from depriving the Plaintiffs of the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States.

5.  On Plaintiffs' First Claim For Relief, Count III, a Declaration against all Defendants, declaring that the actions taken by all Defendants deprived the Plaintiffs of their right to free speech guaranteed by the First Amendment to the United States Constitution;

6.  On Plaintiffs' First Claim For Relief, Count III, an injunction against all Defendants, enjoining all Defendants from taking any action that deprives the Plaintiffs their right to free speech guaranteed by the First Amendment to the United States Constitution.

7.  On Plaintiffs' First Claim For Relief, Count IV, a Declaration against all Defendants, declaring that the actions taken by all Defendants deprived the Plaintiffs of their right to substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution;

8.  On Plaintiffs' First Claim For Relief, Count IV, an injunction against all Defendants, enjoining all Defendants from taking any action that deprives the Plaintiffs their right substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution.

9.  On Plaintiffs' First Claim For Relief, Count V, a Declaration that Defendant State of Oregon and Defendant Kate Brown's conduct constituted a taking of Plaintiffs

**36** of **38**       COMPLAINT

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

property without just compensation, in violation of the Fifth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment to the United States Constitution;

10. On Plaintiffs' First Claim For Relief, Count V, an injunction against Defendant State of Oregon and Defendant Kate Brown enjoining them from taking any action takes the Plaintiffs' property without just compensation in violation of the Fifth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment to the United States Constitution.

11. On Plaintiff Graham's Second Claim For Relief, for a judgment against all individual Defendants in their official and individual capacities, in the amount of $100,000.00 or an amount to be proven at trial;

12. On Plaintiffs' Third Claim For Relief, for a judgment against all individual Defendants in their official and individual capacities, in the amount of $100,000.00 or an amount to be proven at trial;

13. On Plaintiffs' Fourth Claim For Relief, Count I, a Declaration that Defendant State of Oregon and Defendant Kate Brown's conduct constituted a taking of Plaintiffs property without just compensation, in violation of Article I, Section 18 of the Oregon Constitution;

14. On Plaintiffs' Fourth Claim For Relief, Count II, an injunction against Defendant State of Oregon and Defendant Kate Brown enjoining them from violating Plaintiffs' rights protected by Article I, Section 18 of the Oregon Constitution;

**37** of **38**        COMPLAINT

15. On Plaintiffs' Fourth Claim For Relief, Count I, a Declaration that all Defendants' conduct, in both their official and individual capacities, violated Plaintiffs' rights protected and guaranteed by Article I, Section of the Oregon Constitution;

16. On Plaintiffs' Fourth Claim For Relief, Count II, an injunction against all Defendants, in their official and individual capacities, enjoining them from violating Plaintiffs' rights protected by Article I, Section 20 of the Oregon Constitution;

17. On Plaintiffs' Fifth Claim For Relief, judgment against Defendant State of Oregon, in the amount of $100,000.00 or an amount to be proven at trial;

18. Plaintiffs costs, disbursements and reasonable attorney fees pursuant to 42 U.S.C. §1988.

19. Any other relief the Court deems just and equitable.

***RESPECTFULLY SUBMITTED*** this ___18th___ day of December 2020

        **DAY LAW, PC**
        *Attorneys for Plaintiffs*


        _____/s/ Ross Day_____
        Ross A. Day, OSB #002395
        7831 St. Charles Street NE
        Keizer, Oregon  97303
        Mailing address: P.O. Box 30148
        Portland, Oregon  97294
        T: 503-747-2705
        E: ross@daylawpc.com

DAY LAW, PC
P.O. BOX 30148
PORTLAND, OREGON 97294
(503) 747-2705 PHONE
(503) 914-1892 FAX

**38** of **38**    COMPLAINT



**THIRD JUDICIAL DISTRICT**
**MARION COUNTY CIRCUIT COURT**

*Verified Correct Copy of Original 12/22/2020.*

<u>Read carefully. If you do not comply with the following, your case will be dismissed.</u>

Graham                          v.     States Oregon

Case Number: 20CV45151          Date: 12/22/20

**THIS CASE HAS BEEN ASSIGNED TO:**

☐ Judge Donald D. Abar
  (503) 588-8485

☒ Judge Thomas M. Hart
  (503) 584-7749

☐ Judge Sean E. Armstrong
  (503) 588-5026

☐ Judge Mary M. James
  (503) 373-4303

☐ Judge Channing Bennett
  (503) 588-7950

☐ Judge David E. Leith
  (503) 588-5160

☐ Judge Audrey J. Broyles
  (503) 588-5492

☐ Judge Lindsay R. Partridge
  (503) 588-5028

☐ Judge Claudia M. Burton
  (503) 584-7713

☐ Judge Cheryl A. Pellegrini
  (503) 585-4939

☐ Judge Daniel J. Wren
  (503) 584-7765

☐ Judge Tracy A. Prall
  (503) 588-5030

☐ Judge Courtland Geyer
  (503) 373-4445

☐ Judge Susan M. Tripp
  (503) 373-4361

**If a party served with a summons intends to contest this matter, that party**
**must file a response, or other appearance, as instructed in the summons.**

To change judges, a party must notify the court by 5pm on the day they receive this notice. Contact the court for a notice form. The party must then file a motion and affidavit with the court no later than 5pm on the next judicial day. ORS 14.260(4) and 14.270.

A status conference will be set after the party served has filed an appearance. All attorneys must appear at the status conference with their calendars. If parties do not have legal representation, they are to appear at the status conference.

If the Plaintiff has not filed a <u>Return</u> or <u>Acceptance of Service</u> by the 63rd day after the filing of the complaint, the case may be dismissed for want of prosecution 28 days later. If. proof of service is filed by the 91st day from the filing of the complaint, and no default is later filed, the case will be dismissed 119 days from the date of the filing of the complaint.

Follow these instructions carefully and refer to the <u>Uniform Trial Court Rules</u> for further information or clarification. All correspondence or other communication shall be directed to the assigned Judge at the following address: Marion County Circuit Court, PO Box 12869, Salem, Oregon 97309-0869.



☐ *Assignment following standard procedure.*
☒ *Random assignment following the standard procedure.*
☐ *Random assignment at the request of:* _____

1

2

3                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

4                         FOR THE COUNTY OF MARION

5   **LINDSEY GRAHAM**, an individual and          Case No. 20CV45151
    **GLAMOUR!, LLC**, an Oregon domestic
6   limited liability company,                     ACCEPTANCE OF SERVICE

7                    Plaintiff,

8        v.

9   **KATE BROWN**, in her individual capacity     **ORS 20.140 - State fees deferred at filing**
    and her official capacity as Governor of the
10  State of Oregon, **STATE OF OREGON**, by
    and through its **DEPARTMENT OF**
11  **HUMAN SERVICES, CHILD WELFARE**
    **DIVISION, REBECCA JONES GASTON**,
12  in her individual capacity and in her official
    capacity as Director of the Oregon Department
13  of Human Services, Child Welfare Division,
    **JOEL BAXTER**, in his individual and official
14  capacity as an employee of the Oregon
    Department of Human Services, Child Welfare
15  Division, **RONIKA FERGUSON**, in her
    individual and official capacity as an employee
16  of the Oregon Department of Human Services,
    Child Welfare Division, **OMAR RUIZ**, in his
17  individual and official capacity as an employee
    of the Oregon Department of Human Services,
18  Child Welfare Division, **STATE OF**
    **OREGON**, by and through its **OFFICE OF**
19  **THE GOVERNOR,**
     **STATE OF OREGON**, by and through its
20  **PUBLIC HEALTH DIVISION,**
    **HEALTH  LICENSING OFFICE**, and
21  **SYLVIE DONALDSON**, in her individual
    capacity and in her official capacity as Section
22  Manager of the Health Licensing Office of the
    Public Health Division of the Oregon Health
23  Authority
24
25
26      '

Page 1 -   ACCEPTANCE OF SERVICE
    MA/jh2/Glamour 5151 CAP Caption Copy Only.docx

Exhibit A, Page 40 of 43
to Notice of Removal

Defendants.

1

2

I, Marc Abrams, certify that:

3

I am one of the attorneys for defendants Governor Kate Brown; the Oregon Department

4

of Human Services ("DHS," sued herein as DHS Child Services Division), Rebecca Jones

5

Gaston; Joel Baxter; Ronika Ferguson; Omar Ruiz; State of Oregon Office of the Governor;

6

State of Oregon Public Health Authority ("OHA," sued herein as Public Health Division, Health

7

Licensing Office); and Sylvie Donaldson.  By execution of this document, I hereby accept

8

service on behalf of all defendants for all claims asserted herein.  This Acceptance of Service is

9

to have the same force and effect as if defendants were personally served with the Summons and

10

Complaint, under and pursuant to the Oregon Rules of Civil Procedure and the statutes of the

11

state of Oregon.

12

I will file an Answer or otherwise move on behalf of my clients within the time permitted

13

by statute.

14

DATED January 25, 2021.

15

16
Respectfully submitted,

17
ELLEN F. ROSENBLUM
Attorney General

18

19

20
MARC ABRAMS #890149

21
Assistant Attorney-in-Charge
CHRISTINA BEATTY-WALTERS, #981634

22
Senior Assistant Attorney General
Trial Attorneys

23
Tel (971) 673-1880/Fax (971) 673-5000
Marc.Abrams@doj.state.or.us

24
Tina.BeattyWalters@doj.state.or.us
Of Attorneys for Defendant

25

26

Page 2 -   ACCEPTANCE OF SERVICE
MA/jh2/Glamour 5151 CAP Caption Copy Only.docx

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit A, Page 41 of 43
to Notice of Removal

1/4/2021 1:03 PM
20CV45151

1

2

3                     IN THE CIRCUIT COURT OF THE STATE OF OREGON

4                          FOR THE COUNTY OF MARION

5    **LINDSEY GRAHAM**, an individual and          Case No. 20CV45151
     **GLAMOUR!, LLC**, an Oregon domestic
6    limited liability company,                     ACCEPTANCE OF SERVICE

7                     Plaintiff,

8          v.
                                                    **ORS 20.140 – State fees deferred at filing**
9    **KATE BROWN**, in her individual capacity
10   and her official capacity as Governor of the
     State of Oregon, **STATE OF OREGON**, by
11   and through its **DEPARTMENT OF
     HUMAN SERVICES, CHILD WELFARE
12   DIVISION, REBECCA JONES GASTON**,
     in her individual capacity and in her official
13   capacity as Director of the Oregon Department
     of Human Services, Child Welfare Division,
14   **JOEL BAXTER**, in his individual and official
15   capacity as an employee of the Oregon
     Department of Human Services, Child Welfare
16   Division, **RONIKA FERGUSON**, in her
     individual and official capacity as an employee
17   of the Oregon Department of Human Services,
     Child Welfare Division, **OMAR RUIZ**, in his
18   individual and official capacity as an employee
19   of the Oregon Department of Human Services,
     Child Welfare Division, **STATE OF
20   OREGON**, by and through its **OFFICE OF
     THE GOVERNOR,
21    STATE OF OREGON**, by and through its
22   **PUBLIC HEALTH DIVISION,
     HEALTH  LICENSING OFFICE**, and
23   **SYLVIE DONALDSON**, in her individual
     capacity and in her official capacity as Section
24   Manager of the Health Licensing Office of the
     Public Health Division of the Oregon Health
25   Authority

26        ,

Page 1 -   ACCEPTANCE OF SERVICE
           MA/jh2/Glamour 5151 CAP Caption Copy Only.docx

Exhibit A, Page 42 of 43
to Notice of Removal

1    Defendants.                    |

2

     I, Marc Abrams, certify that:
3
         I am one of the attorneys for defendants Governor Kate Brown; the Oregon Department
4
     of Human Services ("DHS," sued herein as DHS Child Services Division), Rebecca Jones
5
     Gaston; Joel Baxter; Ronika Ferguson; Omar Ruiz; State of Oregon Office of the Governor;
6
     State of Oregon Public Health Authority ("OHA," sued herein as Public Health Division, Health
7
     Licensing Office); and Sylvie Donaldson.  By execution of this document, I hereby accept
8
     service on behalf of all defendants for all claims asserted herein.  This Acceptance of Service is
9
     to have the same force and effect as if defendants were personally served with the Summons and
10
     Complaint, under and pursuant to the Oregon Rules of Civil Procedure and the statutes of the
11
     state of Oregon.
12
         I will file an Answer or otherwise move on behalf of my clients within the time permitted
13
     by statute.
14
         DATED January 4, 2021.
15
                                             Respectfully submitted,
16
                                             ELLEN F. ROSENBLUM
17                                           Attorney General

18

19

20                                           MARC ABRAMS #890149
                                             Assistant Attorney-in-Charge
21                                           CHRISTINA BEATTY-WALTERS, #981634
                                             Senior Assistant Attorney General
22                                           Trial Attorneys
                                             Tel (971) 673-1880/Fax (971) 673-5000
23                                           Marc.Abrams@doj.state.or.us
                                             Tina.BeattyWalters@doj.state.or.us
24                                           Of Attorneys for Defendant

25

26

Page 2 -   ACCEPTANCE OF SERVICE
           MA/jh2/Glamour 5151 CAP Caption Copy Only.docx

Exhibit A, Page 43 of 43
to Notice of Removal